IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
SEP 21 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

MICHAEL T. DREHER,

       Plaintiff

v.

CIVIL ACTION NO.

EXPERIAN INFORMATION SOLUTIONS, INC.

3:11CV624

| SERVE: | David N. Anthony, Registered Agent |
| --- | --- |
| | 1001 Haxall Point |
| | Richmond, VA 23219 |

and

EQUIFAX, INC.

| SERVE: | Corporation Service Company, Registered Agent |
| --- | --- |
| | 1111 East Main Street |
| | Bank of America Center, 16th Floor |
| | Richmond, VA 23219 |

and

TRANS UNION, LLC.

| SERVE: | Corporation Service Company, Registered Agent |
| --- | --- |
| | 11 S. 12th Street |
| | Richmond, VA 23218 |

## COMPLAINT

COMES NOW the Plaintiff, MICHAEL T. DREHER, (the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (the Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. §1681(p) and 28 U.S.C. §1331. Venue is proper as the Defendants maintain its registered offices within the boundaries for the Eastern District of Virginia, Plaintiff resides in this District and significant parts of the Plaintiff's claim occurred in Virginia.

## PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

4. EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. EQUIFAX, INC. ("Equifax") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8. Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. TRANS UNION, LLC. ("Trans Union") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

11. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

**FACTS**

13. In or around October 2010, Plaintiff learned through a credit monitoring service that his name and social security number had been used to take out a credit card in his name. This credit card was taken out in his name but without his knowledge or permission in or about October 2008.

14. This fraudulent account was opened by Advanta Bank Corp d/b/a as Advanta Credit Cards ("Advanta"). It has an account number ending in 9883 ("the account"). Advanta

3

was closed by the Utah Department of Financial Institutions, and the FDIC was named a received on March 19, 2010. It has an account number ending in 9883 ("the account").

15. Plaintiff immediately obtained a copy of his credit reports with Experian, Trans Union and Equifax and learned that each were reporting the account on his credit report.

16. Shortly thereafter, Plaintiff notified all of the Defendants, on multiple occasions that his identity had been stolen, that the account had been fraudulently obtained, and that the account should not be reported on his credit reports. Plaintiff also sent supporting documentation to all of the Defendants to support his claim that it was not his account.

17. The Plaintiff has continued to send disputes to Experian, Equifax and Trans Union regarding the fraudulent account on his credit report with Advanta.

18. Trans Union, Equifax and Experian responded to Plaintiff's disputes by advising that the Advanta account had been "verified". Defendants each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the account from the Plaintiff's credit file.

19. Trans Union, Equifax and Experian each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate and fraudulent account.

20. After receiving Plaintiff's notices of the inaccuracies and within the two years preceding the filing of this action, Experian, Equifax and Trans Union each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory account.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EXPERIAN, EQUIFAX and TRANS UNION)

21. The Plaintiff realleges and incorporates paragraphs 1 through 20 above as if fully set out herein.

22. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

23. As a result of the conduct, actions and inactions of Experian, Equifax and Trans Union the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

24. Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

25. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(1)
## (EXPERIAN, EQUIFAX and TRANS UNION)

5

26. Plaintiff realleges and incorporates paragraphs 1 through 25 above as if fully set out herein.

27. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

28. As a result of the conduct, actions and inactions of Defendants, Experian, Equifax and Trans Union the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

29. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

30. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(2)**
**(EXPERIAN, EQUIFAX and TRANS UNION)**

31. Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set out herein.

32. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to Advanta all relevant information regarding the Plaintiff's dispute.

33. As a result of the conduct, actions and inactions of Defendants, Experian, Equifax and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

34. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

35. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(4)
### (EXPERIAN, EQUIFAX and TRANS UNION)

36. Plaintiff realleges and incorporates paragraphs 1 through 35 above as if fully set out herein.

37. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

7

38. As a result of the conduct, actions and inactions of Defendants, Experian, Equifax and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

39. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

40. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A)
### (EXPERIAN, EQUIFAX and TRANS UNION)

41. Plaintiff realleges and incorporates paragraphs 1 through 40 above as if fully set out herein.

42. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file upon a lawful reinvestigation.

43. As a result of the conduct, actions and inactions of Defendants, Experian, Equifax and Trans Union, the Plaintiff suffered actual damages including without limitation, by example

only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

44. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

45. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

46. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

MICHAEL T. DREHER

By_____
Of Counsel

9

Leonard A. Bennett, VSB #37523
Susan Rotkis, Esq. VSB #40639
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com


Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail: kkelly@siplfirm.com

10