IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MICHAEL T. DREHER,

    *Plaintiff*,

v().                                                                CIVIL ACTION NO.
                                                                3:11-cv-00624-JAG

EXPERIAN INFORMATION SOLUTIONS,
INC.; EQUIFAX INFORMATION SERVICES,
LLC, AND TRANS UNION, LLC;

    *Defendants*.

## DEFENDANT TRANS UNION LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Trans Union LLC ("Trans Union"), by counsel, files its Answer and Defenses to Michael T. Dreher's ("Plaintiff") Amended Complaint ("Complaint"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

### PRELIMINARY STATEMENT

1.    Trans Union admits that Plaintiff has asserted claims against Defendants alleging actual, statutory and punitive damages, costs and attorney's fees pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

### JURISDICTION

2.    Trans Union admits that the Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Trans Union admits that it maintains a registered agent in Richmond, Virginia. Trans Union admits that venue is appropriate in the Eastern District of Virginia. Trans Union denies that venue is appropriate in the Richmond Division of the Eastern District and

1

reserves the right to seek a transfer of this case pursuant to 28 U.S.C. § 1404 and Local Rule 3(C). Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

## PARTIES

3. Trans Union admits that Plaintiff is a "consumer" as defined by the FCRA. Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware, and is authorized to do business in Virginia. Trans Union denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA. Trans Union further admits that it assembles consumer credit information for the

purpose of furnishing consumer reports to third parties. Trans Union denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Trans Union admits that it sells consumer reports pursuant to contracts and agreements with subscribers. Trans Union denies the remaining allegations contained in paragraph 12 of the Complaint.

## FACTS

13. Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Trans Union admits that Plaintiff requested a copy of his Trans Union credit report on March 16, 2011 and June 21, 2011. As to the remaining allegations, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Trans Union admits that on June 21, 2011 it received an online dispute from Plaintiff claiming the account was not his. Trans Union further admits that on June 23, 2011, it received written correspondence from Plaintiff requesting the Advanta Credit Card account be removed due to Plaintiff's allegations that Advanta failed to validate the account. Trans Union denies the remaining allegations not specifically admitted in paragraph 16 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Trans Union denies the allegations contained in paragraph 17 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18.     Trans Union admits it sent a request to Advanta Credit Cards to investigate the accuracy of the information regarding Advanta Credit Cards account #5584.... and being reported on Plaintiff's Trans Union credit file. In response, Advanta Credit Cards verified Advanta account #5584.... as accurately reporting on Plaintiff's Trans Union credit file.  Trans Union denies the remaining allegations not specifically admitted in paragraph 18 of the Complaint.  As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19.     Trans Union denies the allegations contained in paragraph 19 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20.     Trans Union denies the allegations contained in paragraph 20 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (EXPERIAN, EQUIFAX and TRANS UNION)

21.     Trans Union restates and incorporates its responses to paragraphs 1 – 20 above as though fully stated herein.

22.     Trans Union denies the allegations contained in paragraph 22 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23.     Trans Union denies the allegations contained in paragraph 23 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24.     Trans Union denies the allegations contained in paragraph 24 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25.     Trans Union denies the relief sought and the allegations contained in paragraph 25 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

**COUNT TWO:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C 1681i(a)(1)**
**(EXPERIAN, EQUIFAX and TRANS UNION)**

26.     Trans Union restates and incorporates its responses to paragraphs 1 – 25 above as though fully stated herein.

27.     Trans Union denies the allegations contained in paragraph 27 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28.     Trans Union denies the allegations contained in paragraph 28 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies same.

29. Trans Union denies the allegations contained in paragraph 29 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. Trans Union denies the relief sought and the allegations contained in paragraph 30 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

## COUNT THREE:  VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C 1681i(a)(2)
### (EXPERIAN, EQUIFAX and TRANS UNION)

31. Trans Union restates and incorporates its responses to paragraphs 1 – 30 above as though fully stated herein.

32. Trans Union denies the allegations contained in paragraph 32 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Trans Union denies the allegations contained in paragraph 33 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union denies the allegations contained in paragraph 34 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Trans Union denies the relief sought and the allegations contained in paragraph 35 of the Complaint. As to the other Defendants Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C 1681i(a)(4)**
**(EXPERIAN, EQUIFAX and TRANS UNION)**

36. Trans Union restates and incorporates its responses to paragraphs 1 – 35 above as though fully stated herein.

37. Trans Union denies the allegations contained in paragraph 37 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies same.

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies same.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies same.

40. Trans Union denies the relief sought and the allegations contained in paragraph 40 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies same.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C 1681i(a)(5)(A)
### (EXPERIAN, EQUIFAX and TRANS UNION)

41. Trans Union restates and incorporates its responses to paragraphs 1 – 40 above as though fully stated herein.

42. Trans Union denies the allegations contained in paragraph 42 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies same.

43. Trans Union denies the allegations contained in paragraph 43 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies same.

44. Trans Union denies the allegations contained in paragraph 44 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

45. Trans Union denies the relief sought and the allegations contained in paragraph 45 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies same.

46. Trans Union denies the relief sought and the allegations contained in paragraph 46 of the Complaint. As to the other Defendants, Trans Union lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies same.

Trans Union denies the relief sought in the judgment paragraph of the Complaint.

Trans Union admits that Plaintiff requests a trial by jury.

## DEFENSES

47. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

48. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

49. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

50. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

51. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

52. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the State of Virginia.

53. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

54. In the interest of justice, Trans Union may seek to transfer this matter pursuant to 28 U.S.C. 1404 and Local Rule 3(C), as this Court is not the most convenient venue for the parties and witnesses.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

/s/
Grant E. Kronenberg
Virginia bar number 65647
Attorney for Trans Union LLC
MORRIS & MORRIS, P.C.
Morris & Morris, PC
11 S. 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218
Telephone: (804) 344-6334
Facsimile: (804) 344-8359
gkronenberg@morrismorris.com

DATED: October 21, 2011.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Kristi Cahoon Kelly
kkelly@smillaw.com
Surovell Isaacs Petersen & Levy PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
Tel: (703) 277-9774
Fax: (703) 591-2149
*And*
Leonard Anthony Bennett
lenbennett@cox.net
Susan Mary Rotkis
srotkis@clalegal.com
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Tel: (757) 930-3660
Fax: (757) 930-3662
*Counsel for Plaintiff*

David Neal Anthony
david.anthony@troutmansanders.com
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23219
Tel: (804) 697-5410
Fax: (804) 698-5118
*Counsel for Defendant*
*Experian Information Solutions, Inc.*

I further certify that I will cause a copy of the foregoing Motion and corresponding NEF by electronic mail on the following non-filing user: None.

/s/
Grant E. Kronenberg
Virginia bar number 65647
Attorney for Trans Union LLC
MORRIS & MORRIS, P.C.
Morris & Morris, PC
11 S. 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218
Telephone: (804) 344-6334
Facsimile: (804) 344-8359
gkronenberg@morrismorris.com