UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MICHAEL T. DREHER,

    Plaintiff,

v.                                            Civil Action No. 3:11-cv-00624-JAG

EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION SERVICES LLC,
and TRANS UNION LLC,

    Defendants.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by undersigned counsel, submits the following Answer and Defenses to Plaintiff's Amended Complaint ("Complaint").

**PRELIMINARY STATEMENT**

In submitting its Answer and Defenses to the Complaint, Equifax denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required. Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

# ANSWER

In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring this action for violations of the Fair Credit Reporting Act ("FCRA") and seeks actual, statutory and punitive damages, costs and attorney's fees. Equifax denies that it violated the FCRA, or other law, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. Equifax admits that this Court has personal jurisdiction over it under 15 U.S.C. § 1681p and 28 U.S.C. § 1367. Equifax admits that it maintains a registered agent in Richmond, Virginia. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. Equifax admits that it is a Georgia limited liability company authorized to conduct business in the Commonwealth of Virginia and that it maintains its registered agent in Richmond, Virginia.

8. Equifax admits the allegations in Paragraph 8.

9. Responding to the allegations contained in Paragraph 9, Equifax admits that it provides consumer reports to third parties with a permissible purpose for obtaining the reports, that the reports are provided under contractual agreements, and that Equifax is paid for the reports.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Responding to the allegations in Paragraph 15, Equifax states that it provided Plaintiff with a copy of his Equifax credit file in or around March 2011. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, therefore, denies those allegations.

16. Responding to the allegations in Paragraph 16, Equifax states that in or about June 2011 and July 2011, it received communications from Plaintiff disputing information on his credit file. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies those allegations.

17. Responding to the allegations in Paragraph 17, Equifax states that on or about June 2011 and July 2011, it received communications from Plaintiff disputing information on his credit file. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies those allegations.

18. Responding to the allegations in Paragraph 18, Equifax states that it responded to Plaintiff's dispute by conducting a reinvestigation of the Advanta account and providing Plaintiff with the results of the reinvestigation, including his rights under the FCRA, and that part of the results included notification that Advanta verified the accuracy of the account. Equifax denies the remaining allegations as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax denies the allegations in Paragraph 19 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, therefore, denies those allegations.

20. Equifax denies the allegations in Paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies those allegations.

21. Equifax restates and incorporates its responses to Paragraphs 1 – 20 as though fully set forth herein.

22. Equifax denies the allegations in Paragraph 22 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies those allegations.

23. Equifax denies the allegations in Paragraph 23 as they pertain to Equifax.

Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, denies those allegations.

24. Equifax denies the allegations in Paragraph 24 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies those allegations.

25. Equifax denies the allegations in Paragraph 25 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, denies those allegations.

26. Equifax restates and incorporates its responses to Paragraphs 1 – 25 as though fully set forth herein.

27. Equifax denies the allegations in Paragraph 27 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, therefore, denies those allegations.

28. Equifax denies the allegations in Paragraph 28 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, therefore, denies those allegations.

29. Equifax denies the allegations in Paragraph 29 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, therefore, denies those allegations.

30. Equifax denies the allegations in Paragraph 30 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, denies those allegations.

31. Equifax restates and incorporates its responses to Paragraphs 1 – 32 as though

fully set forth herein.

32. Equifax denies the allegations in Paragraph 32 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies those allegations.

33. Equifax denies the allegations in Paragraph 33 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies those allegations.

34. Equifax denies the allegations in Paragraph 34 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, therefore, denies those allegations.

35. Equifax denies the allegations in Paragraph 35 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and, therefore, denies those allegations.

36. Equifax restates and incorporates its responses to paragraphs 1 – 35 as though fully set forth herein.

37. Equifax denies the allegations in Paragraph 37 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and, therefore, denies those allegations.

38. Equifax denies the allegations in Paragraph 38 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, therefore, denies those allegations.

39. Equifax denies the allegations in Paragraph 39 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 39 and, therefore, denies those allegations.

40. Equifax denies the allegations in Paragraph 40 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, therefore, denies those allegations.

41. Equifax restates and incorporates its responses to Paragraphs 1 – 40 as though fully set forth herein.

42. Equifax denies the allegations in Paragraph 42 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and, therefore, denies those allegations.

43. Equifax denies the allegations in Paragraph 43 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and, therefore, denies those allegations.

44. Equifax denies the allegations in Paragraph 44 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and, therefore, denies those allegations.

45. Equifax denies the allegations in Paragraph 45 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and, therefore, denies those allegations.

46. Equifax denies the allegations in Paragraph 46 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and, therefore, denies those allegations.

Equifax denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint. Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

## THIRD DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

## FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

Plaintiff has not sustained any damages.

## SIXTH DEFENSE

Plaintiff's damages, if any, were caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

**SEVENTH DEFENSE**

Plaintiff has not alleged any injury in fact.

**EIGHTH DEFENSE**

Plaintiff has failed to mitigate his damage, if any.

**NINTH DEFENSE**

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

**TENTH DEFENSE**

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**ELEVENTH DEFENSE**

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax be dismissed as a party to this action;

(3) That Equifax have a trial by jury on all issues so triable;

(4)     That this lawsuit be deemed frivolous and Equifax recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees; and

(5)     That Equifax recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 25th day of October, 2011.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Blvd., Suite 100
Newport News, Virginia  23606
lenbennett@clalegal.com
srotkis@clalegal.com

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, Suite 200
Fairfax, VA  22030
kkelly@smillaw.com

*Attorneys for Plaintiff*

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg.
1001 Haxall Point
Richmond, VA  23219
david.anthony@troutmansanders.com
*Attorney for Experian Information Solutions, Inc.*

Grand Edward Kronenberg
Morris & Morris PC
11 South 12th Street
5th Floor
Richmond, VA  23218
gkronenberg@morrismorris.com
*Attorney for Trans Union LLC*

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com