IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL T. DREHER,**

        **Plaintiff,**

v.                                      Civil Action No.: 3:11-CV-624

**EXPERIAN INFORMATION
SOLUTIONS, INC.,** *et al.,*

        **Defendants.**

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT**

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's Amended Complaint ("Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

**PRELIMINARY STATEMENT**

1. In response to paragraph 1 of the Complaint, Experian admits that Michael Dreher ("Plaintiff") purports to bring this lawsuit under the Fair Credit Reporting Act ("FCRA")

15 U.S.C. § 1681 *et seq.* Except as specifically admitted, Experian denies the remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367 and that venue is proper. Experian states that these are legal conclusions, which are not subject to denial or admission.

## PARTIES

3. In response to paragraph 3 of the Complaint, Experian admits that upon information and belief, Plaintiff is a natural person. The remaining allegations contained in paragraph 3 are legal conclusions, which are not subject to denial or admission.

4. In response to paragraph 4 of the Complaint, Experian admits that it is authorized to do business in the Commonwealth of Virginia.

5. In response to paragraph 5 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681(f). Experian also admits that it regularly engages in the business of, *inter alia*, assembling, evaluating, and disbursing consumer reports (as that is defined in 15 U.S.C. § 1681(d)) to third parties. Except as specifically admitted, Experian denies the remaining allegations in paragraph 5 of the Complaint.

6. Experian admits the allegations contained in paragraph 6 of the complaint.

7-12. Paragraphs 7-12 of the Complaint pertain to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 7-12 of the Complaint and therefore denies the same.

# FACTS

13-18. In response to paragraphs 13-18 of the Complaint, Experian lacks sufficient information to form a belief about the truth or falsity of the allegations contained in paragraphs 13-18 of the Complaint and therefore denies the same.

19-20. In response to paragraphs 19-20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraphs 19-20 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraphs 19-20 of the Complaint.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EXPERIAN, EQUIFAX and TRANS UNION)

21. Experian incorporates its responses to the allegations contained in paragraphs 1-20 of the Complaint as if fully set forth herein.

22. In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 22 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction. As to the allegations in paragraph 23 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and,

on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint.

24. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 24 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 24 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 24 of the Complaint.  Experian further denies the remaining allegations in paragraph 24 of the Complaint.  As to the allegations in paragraph 24 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 24 of the Complaint.

25. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 25 of the Complaint.  As to the allegations in paragraph 25 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Complaint.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681i(a)(1)**
**(EXPERIAN, EQUIFAX and TRANS UNION)**

26. Experian incorporates its responses to the allegations contained in paragraphs 1-25 of the Complaint as if fully set forth herein.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 27 of the Complaint that relate to other defendants, Experian does not

have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction. As to the allegations in paragraph 28 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 29 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 29 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 29 of the Complaint. Experian further denies the remaining allegations in paragraph 29 of the Complaint. As to the allegations in paragraph 29 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 30 of the Complaint. As to the allegations in paragraph 30 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Complaint.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)
### (EXPERIAN, EQUIFAX and TRANS UNION)

31. Experian incorporates its responses to the allegations contained in paragraphs 1-30 of the Complaint as if fully set forth herein.

32. In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 32 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction. As to the allegations in paragraph 33 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 33 of the Complaint.

34. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 34 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 34 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 34 of the Complaint. Experian further denies the remaining allegations in paragraph 34 of the Complaint. As to the allegations in paragraph 34 of the Complaint that relate to other defendants, Experian does not

have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Complaint.

35. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 35 of the Complaint. As to the allegations in paragraph 35 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 35 of the Complaint.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(4)
### (EXPERIAN, EQUIFAX and TRANS UNION)

36. Experian incorporates its responses to the allegations contained in paragraphs 1-36 of the Complaint as if fully set forth herein.

37. In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 37 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 37 of the Complaint.

38. In response to paragraph 38 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction. As to the allegations in paragraph 38 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and,

on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 38 of the Complaint.

39. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 39 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 39 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 39 of the Complaint. Experian further denies the remaining allegations in paragraph 39 of the Complaint. As to the allegations in paragraph 39 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Complaint.

40. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 40 of the Complaint. As to the allegations in paragraph 40 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 40 of the Complaint.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681i(a)(5)(A)**
**(EXPERIAN, EQUIFAX and TRANS UNION)**

41. Experian incorporates its responses to the allegations contained in paragraphs 1-40 of the Complaint as if fully set forth herein.

42. In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 42 of the Complaint that relate to other defendants, Experian does not

have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction. As to the allegations in paragraph 43 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Complaint.

44. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 44 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 44 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 44 of the Complaint. Experian further denies the remaining allegations in paragraph 44 of the Complaint. As to the allegations in paragraph 44 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Complaint.

45. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 45 of the Complaint. As to the allegations in paragraph 45 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Complaint.

46.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 46 of the Complaint.  As to the allegations in paragraph 46 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Complaint.

46.     In response to Plaintiff's "WHEREFORE" clause, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

47.     Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

**AFFIRMATIVE DEFENSES**

Experian hereby sets forth the following affirmative defenses to the Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure To State A Claim)**

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state the facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

**SECOND AFFIRMATIVE DEFENSE**
**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### THIRD AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.  Additionally, Experian is not liable for punitive damages to the extent that it violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations/Laches)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Indemnification)

Experian is entitled to indemnification to the extent that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### SEVENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) That Experian be dismissed as a party to this action

(3) For costs of suit and attorneys' fees herein incurred; and

(4) For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**


By:/s/David N. Anthony_____
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc*.
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net
*Counsel for Plaintiff*

Susan Mary Rotkis
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: (757) 930-3662
Email: srotkis@clalegal.com
*Counsel for Plaintiff*

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
Email: kkelly@smillaw.com
*Counsel for Plaintiff*

Grant Edward Kronenberg
Morris & Morris PC
11 South 12th Street, 5th Floor
PO Box 30
Richmond, VA 23218
Telephone: 804-344-6334
Facsimile: 804-344-8359
Email: gkronenberg@morrismorris.com
*Counsel for Trans Union, LLC*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd., Suite A-1
Richmond, VA 23230
Telephone: (804) 355-8744
Email: jmontgomery@jwm-law.com
*Counsel for Equifax Information Services, LLC*

/s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

*2104935v1*