IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL T. DREHER,
Individually and on behalf of a class of similarly
situated persons,

    Plaintiff

             CIVIL ACTION NO. 3:11-cv-00624-JAG

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

CARDWORKS, INC.,

SERVE: Secretary of the Commonwealth

and

CARDWORKS SERVICING, LLC,

SERVE: Secretary of the Commonwealth

### PLAINTIFF'S SECOND AMENDED COMPLAINT (CLASS ACTION)

  COMES NOW the Plaintiff, MICHAEL T. DREHER, (the "Plaintiff") by counsel, and for his Second Amended Complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

  1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, et seq. (the Federal Fair Credit Reporting Act or "FCRA").

  2. The Plaintiff is the victim of identity theft. His personal information was used by an unknown person or entity to open multiple out of state credit card accounts with Advanta Bank Corp, a company that was out of business before the Plaintiff even learned of the fraud. After Advanta Bank had ceased to exist, Plaintiff requested and received his Experian credit report and was told by the agency that Advanta Bank had initially and continuously reported

itself as the credit grantor and credit reporting furnisher, even after the date that it had ceased to exist.  Further, in all of its reports and contacts with the Plaintiff, Experian represented to the Plaintiff the name as Advanta Bank as his current creditor and instructed him to make any disputes regarding the account to Advanta.  These statements were false.

      3.      The Plaintiff then engaged in a frustrating ordeal in attempting to locate Advanta, assert credit disputes to it and then dispute the inaccurately attributed fraud accounts with Experian.  All of the time without knowledge that the actual entity reporting to his Experian file was not Advanta, but rather, CardWorks, Inc. and CardWorks Servicing, LLC. (collectively "CardWorks").

      4.      Experian and CardWorks violated the FCRA in failing to conduct reasonable investigations of the Plaintiff's credit reporting (identity theft) disputes.  In addition, the Plaintiff alleges that Experian violated other provisions of the FCA as to a class of consumers who similarly were incorrectly told that the Advanta Bank tradelines in their Experian credit reports were in fact controlled and reported by CardWorks.

## JURISDICTION

      5.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. §1681(p) and 28 U.S.C. §1331.  Venue is proper as the Defendants maintain its registered offices within the boundaries for the Eastern District of Virginia, Plaintiff resides in this District and significant parts of the Plaintiff's claim occurred in Virginia.

## PARTIES

6. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

7. EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8. Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, CARDWORKS, INC.**,** ("*Cardworks*"), is the parent company of CardWorks Servicing, LLC., hired by the owner of the Advanta Business Card Master Trust by its controlling party, Deutshe Bank Trust Company Americas. *Cardworks* is a foreign corporation doing business as a bankcard "servicer" and "furnisher" as governed by the FCRA directly and through its wholly owned and operated entity CardWorks Servicing, LLC.

## FACTS

11. In or around October 2010, Plaintiff learned through a credit monitoring service that his name and social security number had been used to take out a credit card in his name. This credit card was taken out in his name but without his knowledge or permission in or about October 2008.

12. This fraudulent account was opened through Advanta Bank Corp d/b/a as Advanta Credit Cards ("Advanta"). It has an account number ending in 9883 ("the account"). Advanta was closed by the Utah Department of Financial Institutions on March 19, 2010. It has an account number ending in 9883 ("the account").

13. Plaintiff immediately obtained a copy of his credit reports with Experian, Trans Union and Equifax and learned that each was reporting the account on his credit report.

14. Thereafter, Plaintiff notified all three national credit reporting agencies, including Defendant Experian, on multiple occasions that his identity had been stolen, that the account had been fraudulently obtained, and that the account should not be reported on his credit reports. Plaintiff also sent supporting documentation to all of the agencies to support his claim that it was not his account.

15. The Plaintiff has continued to send disputes to Experian regarding the fraudulent account on his credit report with Advanta.

16. Experian responded to Plaintiff's disputes by advising that the Advanta account had been "verified". Defendant each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the account from the Plaintiff's credit file. It continued to refer to Advanta as the responsible furnisher and directed the Plaintiff to contact Advanta to dispute further.

17. On multiple occasions after Advanta ceased to exist, Experian furnished the Plaintiff's consumer reports and inaccurately represented that the Plaintiff remained obligated to "Advanta Bank", which entity was reporting an ongoing default.

18. Experian had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate and fraudulent account and to identify Advanta Bank as the current furnisher.

19. Upon information and belief, CardWorks was the actual furnisher of the credit information regarding the fraudulent Advanta Bank tradeline.

20. Upon information and belief, Plaintiff alleges that on one or more occasions the national consumer reporting agencies forwarded Plaintiff's disputes to **CardWorks**. Upon information and belief, **CardWorks** was provided lawful notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct it's inaccurate reporting.

## CLASS ACTION ALLEGATIONS

21. The Class Definitions. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of three related, but distinct classes (collectively the "Classes") initially defined as follows based upon the statutory FCRA section violated:

a. Section 1681e(b) Class.

All natural persons for whom Experian's records note that a "hard inquiry" consumer report was furnished to a third party, on or after June 1, 2010 and that identified "Advanta Bank" as the source of a tradeline showing credit reporting on a date on or after June 1, 2010.

b. Section 1681g(a)(2) Class.

All natural persons who on or after June 1, 2010 requested a copy of their consumer report (or consumer file) from Experian and received a document that identified "Advanta Bank" as the source of a tradeline showing credit reporting on a date on or after March 19, 2010.

  c.  Section 1681i(a)(6) Class.

All natural persons who on or after June 1, 2010 disputed a tradeline identified by Experian as having "Advanta Bank" as its source and to whom Experian then sent a notice of the results of its reinvestigation that continued to identify "Advanta Bank" as the source of a tradeline showing credit reporting on a date on or after March 19, 2010.

  22.  Numerosity. FED. R. CIV. P. 23(a)(l). On information and belief, the Plaintiff alleges that the members of each class are so numerous that joinder of all is impractical. The names and addresses of class members are identifiable through documents maintained by the Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice.

  23.  Existence and Predominance of Common Questions of Law and Fact. FED. R. C1v. P. 23(a)(2). Common questions of law and fact exist as to all members of each class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, by example only, among other things:

  a.  Whether Experian's reporting of "Advanta Bank" as an ongoing furnisher was accurate and complete;

  b.  Whether Experian had knowledge that "Advanta Bank" had ceased to exist in March 2010;

  c.  Whether Experian knew that CardWorks was the actual furnisher of credit reporting information at issue in this case;

  d.  Whether Experian knowingly and intentionally committed an act in conscious disregard of the rights of the consumer, or whether it did so recklessly.

  e.  Whether Experian's conduct constituted violations of the FCRA.

24. Typicality. FED. R. CIV. P. 23(a)(3)). Plaintiff's claims are typical of the claims of each class member. Plaintiff is entitled to relief under the same causes of action as the other members of the classes.

25. Adequacy. FED. R. CIV. P. 23(a)(4)). Plaintiff is an adequate representative of each because his interests coincide with, and are not antagonistic to, the interests of the members of the class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

26. Superiority. FED. R. Civ. P. 23(b)(3). Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to effectively redress the wrongs done to them. Even if the members oft he Classes themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

27. Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the

class members, making injunctive and declaratory relief appropriate pursuant to the California Credit Reporting Agency Act, which governs Experian's conduct as a California entity.

### COUNT ONE: 15 U.S.C. §1681e(b) FIRST CLASS CLAIM
### (EXPERIAN)

28. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the named Plaintiff and the putative members of the Section 1681e(b) class.

30. Experian's conduct, actions and inaction was willful, rendering the Defendant liable for statutory and punitive damages, as well as attorneys fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

### COUNT TWO: 15 U.S.C. § 1681i(a)(6) SECOND CLASS CLAIM
### (EXPERIAN)

31. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

32. Experian violated 15 U.S.C. §1681i(a)(6) as to the named Plaintiff and each member of the putative Section 1681i(a)(6) class by failing to accurately and lawfully provide the notice of results of the reinvestigation as required therein.

33. Experian's conduct, actions and inaction was willful, rendering the Defendant liable for statutory and punitive damages, as well as attorneys fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## COUNT THREE: 15 U.S.C. § 1681g(a)(2) THIRD CLASS CLAIM
## (EXPERIAN)

34. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

35. Experian violated 15 U.S.C. §1681g(a)(2) as to the named Plaintiff and each member of the putative Section 1681g(a)(2) class by failing to clearly and accurately disclose the source of the Advanta Bank tradeline reporting.

36. Experian's conduct, actions and inaction was willful, rendering the Defendant liable for statutory and punitive damages, as well as attorneys fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## COUNT FOUR: 15 U.S.C. 1681i(a)(1) INDIVIDUAL CLAIM
## (EXPERIAN)

37. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

38. Experian violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

39. As a result of the conduct, actions and inactions of Experian, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

40. Experian's conduct, actions and inactions was willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

9

In the alternative, Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: 15 U.S.C. § 1681i(a)(2) INDIVIDUAL CLAIM
## (EXPERIAN)

42. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

43. Experian violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to CardWorks all relevant information regarding the Plaintiff's dispute.

44. As a result of the conduct, actions and inactions of Experian, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

45. Experian's conduct, actions and inactions was willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SIX: 15 U.S.C. § 1681i(a)(4) INDIVIDUAL CLAIM
### (EXPERIAN)

47. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

48. Experian violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff in his disputes.

49. As a result of the conduct, actions and inactions of Experian, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

50. Experian's conduct, actions and inactions were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: 15 U.S.C. § 1681i(a)(5)(A) INDIVIDUAL CLAIM
### (EXPERIAN)

52. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

53. Experian violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file upon a lawful reinvestigation.

54. As a result of the conduct, actions and inactions of Experian, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

55. Experian's conduct, actions and inactions were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT EIGHT: 15 U.S.C. §1681s-2(b)(1)(A) INDIVIDUAL CLAIM (CARDWORKS)

57. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

58. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Cardworks* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the *Advanta* reportings.

59. As a result of this conduct, action and inaction of *Cardworks,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

60.     *Cardwork's* conduct, actions and inactions were willful, rendering *Cardworks* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Cardworks* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

61.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Cardworks* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT NINE: 15 U.S.C. §1681s-2(b)(1)(B) INDIVIDUAL CLAIM (CARDWORKS)

62.     Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

63.     On one or more occasions within the two years prior to the filing of this suite, by example only and without limitation, *Cardworks* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

64.     As a result of this conduct, actions and inactions of *Cardworks* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

65.     *Cardworks'* conduct, actions and inactions were willful, rendering *Cardworks* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Cardworks* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

66. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Cardworks* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TEN: 15 U.S.C. §1681s-2(b)(1)(C) and (D) INDIVIDUAL CLAIM (CARDWORKS)

67. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

68. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Cardworks* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *Cardworks* account within Plaintiff's credit file with Equifax, Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

69. As a result of this conduct, actions and inactions of *Cardworks,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

70. *Cardworks'* conduct, actions and inactions were willful, rendering *Cardworks* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Cardworks* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

71. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Cardworks* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants on his individual claims; for certification of each putative class pursuant to Fed. R. Civ. P. 23(b); for judgment for statutory and punitive damages against Defendants on each class claim; for an incentive award, attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

**MICHAEL T. DREHER ,**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 19th day of January, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
E-mail: david.anthony@troutmansanders.com

Grant Edward Kronenberg
Morris & Morris PC
11 South 12th Street
5th Floor
PO Box 30
Richmond, VA 23218
Email: gkronenberg@morrismorris.com

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
Email: jmontgomery@jwm-law.com

                                                  /s/
                                         Leonard A. Bennett, Esq.
                                         VSB #37523
                                         Attorney for Plaintiff
                                         CONSUMER LITIGATION ASSOCIATES, P.C.
                                         763 J. Clyde Morris Blvd., Suite 1-A
                                         Newport News, Virginia 23601
                                         (757) 930-3660 - Telephone
                                         (757) 930-3662 – Facsimile
                                         lenbennett@cox.net