**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MICHAEL T. DREHER,**

**Individually and on behalf of a class of**
**similarly situated persons,**

**Plaintiff,**

**v.**

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.,** *et al.*,

**Defendants.**

Civil Action No.: 3:11-CV-00624-JAG

---

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**SECOND AMENDED COMPLAINT (CLASS ACTION)**

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's Second Amended Complaint (Class Action) ("Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same. In response to the numbered paragraphs in the Complaint, Experian states as follows:

**PRELIMINARY STATEMENT**

1.      In response to paragraph 1 of the Complaint, Experian admits that Michael Dreher ("Plaintiff") purports to bring claims against Defendants, on behalf of himself and

similarly situated individuals, pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* Experian states that these are legal conclusions, which are not subject to denial or admission.

2-3.      Experian denies that Plaintiff's assertion of facts in the Preliminary Statement is either necessary or accurate. To the extent that a response is required, Experian denies the factual allegations contained in the Preliminary Statement as they relate to Experian.

4.      Experian denies that it violated the FCRA as alleged in paragraph 4. Experian further denies that the allegations in paragraph 4 would be relevant to a claim under the False Claims Act ("FCA"). To the extent that Plaintiff intended to refer to the FCRA, Experian denies the allegations. Except as specifically admitted, Experian denies the remaining allegations in paragraph 4 of the Complaint.

## JURISDICTION

5.      In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Experian states this is a legal conclusion which is not subject to admission or denial. Experian further admits that Plaintiff has alleged that venue is proper. Experian states this is a legal conclusion which is not subject to admission or denial. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the Plaintiff's residence and therefore denies the same.

## PARTIES

6.      In response to paragraph 6 of the Complaint, Experian admits that upon information and belief, Plaintiff is a natural person. Whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion which is not subject to denial or admission.

7.      In response to paragraph 7 of the Complaint, Experian admits that it is authorized to do business in the Commonwealth of Virginia.

8.      In response to paragraph 8 of the Complaint, Experian denies that 15 U.S.C. § 1681(f) provides any definition of "consumer reporting agency".   To the extent that Plaintiff intended to refer to 15 U.S.C. § 1681a(f), Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).   Experian also admits that it regularly engages in the business of, *inter alia*, assembling, evaluating, and disbursing consumer reports (as that is defined in 15 U.S.C. § 1681 (d)) to third parties. Except as specifically admitted, Experian denies the remaining allegations in paragraph 8 of the Complaint.

9.      Experian admits the allegations contained in paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint pertains to other defendants.   Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 10 of the Complaint and therefore denies the same.

## FACTS

11.     In response to paragraph 11 of the Complaint, Experian lacks sufficient information to form a belief about the truth or falsity of the allegations contained in paragraphs 11 of the Complaint and therefore denies the same.

12.     In response to paragraph 12 of the Complaint, Experian lacks sufficient information to form a belief about the truth or falsity of the allegations contained in paragraphs 12 of the Complaint and therefore denies the same.

13.     Experian admits that in November 2010, Plaintiff requested a credit report from Experian and that on November 16, 2010, Experian sent a consumer report #0141-8051-78

to Plaintiff.   Except as specifically admitted, Experian denies the remaining allegations in paragraph 13 of the Complaint.

14.     Experian denies the allegations in paragraph 14 of the Complaint.

15.     Experian denies the allegations in paragraph 15 of the Complaint.

16.     Experian denies the allegations in paragraph 16 of the Complaint.

17.     Experian denies the allegations in paragraph 17 of the Complaint.

18.     Experian denies the allegations in paragraph 18 of the Complaint.

19.     In response to paragraphs 19 of the Complaint, Experian lacks sufficient information to form a belief about the truth or falsity of the allegations contained in paragraphs 19 of the Complaint and therefore denies the same.

20.     In response to paragraph 20, Experian admits that it forwarded Plaintiff's dispute as part of an investigation.  Portions of paragraph 20 of the Complaint pertains to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 20 of the Complaint and therefore denies the same.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 13 of the Complaint.

**CLASS ACTION ALLEGATIONS**

21.     Experian admits that Plaintiff brings this action on behalf of himself and on behalf of three putative classes.  Experian denies that this matter may be properly maintained as a class action against Experian.  Except as specifically admitted, Experian denies the allegations contained in paragraph 21 of the Complaint.

22.     Experian admits that Plaintiff claims that the numerosity requirement of Rule 23(a)(1) of the Federal Rules of Civil Procedure is present and satisfied.  This is a legal

conclusion which is not subject to admission or denial. Experian denies that this matter may be properly maintained as a class action against Experian. Except as specifically admitted, Experian denies the allegations contained in paragraph 22 of the Complaint.

23.      Experian admits that Plaintiff claims that the existence and predominance of common questions of law and fact requirement of Rule 23(a)(2) of the Federal Rules of Civil Procedure is present and satisfied. This is a legal conclusion which is not subject to admission or denial. Experian denies that this matter may be properly maintained as a class action against Experian. Except as specifically admitted, Experian denies the allegations contained in paragraph 23 of the Complaint.

24.      Experian admits that Plaintiff claims that the typicality requirement of Rule 23(a)(3) of the Federal Rules of Civil Procedure is present and satisfied. This is a legal conclusion which is not subject to admission or denial. Experian denies that this matter may be properly maintained as a class action against Experian. Except as specifically admitted, Experian denies the allegations contained in paragraph 24 of the Complaint.

25.      Experian admits that Plaintiff claims that the adequacy requirement of Rule 23(a)(4) of the Federal Rules of Civil Procedure is present and satisfied. This is a legal conclusion which is not subject to admission or denial. Experian denies that this matter may be properly maintained as a class action against Experian. Except as specifically admitted, Experian denies the allegations contained in paragraph 25 of the Complaint.

26.      Experian admits that Plaintiff claims that the adequacy requirement of Rule 23(b)(3) of the Federal Rules of Civil Procedure is present and satisfied. This is a legal conclusion which is not subject to admission or denial. Experian denies that this matter may be

properly maintained as a class action against Experian. Except as specifically admitted, Experian denies the allegations contained in paragraph 26 of the Complaint.

27.         Experian admits that Plaintiff claims that injunctive relief is appropriate pursuant to of Rule 23(b)(2) of the Federal Rules of Civil Procedure is present and satisfied. This is a legal conclusion which is not subject to admission or denial.  Experian denies that this matter may be properly maintained as a class action against Experian.  Except as specifically admitted, Experian denies the allegations contained in paragraph 27 of the Complaint.

## COUNT ONE: 15 U.S.C. 1681e(b) FIRST CLASS CLAIM
### (Experian)

28.         Experian incorporates its responses to the allegations contained in paragraphs 1-27 of the Complaint as if fully set forth herein.

29.         Experian denies the allegations contained in paragraph 29 of the Complaint.

30.         Experian denies that it has harmed the Plaintiff either willfully, negligently, or otherwise, as alleged in paragraph 30 of the Complaint.  Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction.  Experian denies that Plaintiff is entitled to recover from Experian any damages, costs or fees as alleged in paragraph 30 of the Complaint. Experian further denies the remaining allegations in paragraph 30 of the Complaint.

## COUNT TWO:  15 U.S.C. 1681i(a)(6) SECOND CLASS CLAIM
### (Experian)

31.         Experian incorporates its responses to the allegations contained in paragraphs 1-30 of the Complaint as if fully set forth herein.

32.         Experian denies the allegations contained in paragraph 32 of the Complaint.

33.       Experian denies that it has harmed the Plaintiff either willfully, negligently, or otherwise, as alleged in paragraph 33 of the Complaint.  Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction.  Experian denies that Plaintiff is entitled to recover from Experian any damages, costs or fees as alleged in paragraph 33 of the Complaint. Experian further denies the remaining allegations in paragraph 33 of the Complaint.

## COUNT THREE:  15 U.S.C. 1681g(a)(2) THIRD CLASS CLAIM
### (Experian)

34.       Experian incorporates its responses to the allegations contained in paragraphs 1-33 of the Complaint as if fully set forth herein.

35.       Experian denies the allegations contained in paragraph 36 of the Complaint.

36.       Experian denies that it has harmed the Plaintiff either willfully, negligently, or otherwise, as alleged in paragraph 36 of the Complaint.  Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction.  Experian denies that Plaintiff is entitled to recover from Experian any damages, costs or fees as alleged in paragraph 36 of the Complaint. Experian further denies the remaining allegations in paragraph 36 of the Complaint.

## COUNT FOUR:  15 U.S.C. 1681i(a)(1) INDIVIDUAL CLAIM
### (Experian)

37.       Experian incorporates its responses to the allegations contained in paragraphs 1-36 of the Complaint as if fully set forth herein.

38.       Experian denies the allegations contained in paragraph 38 of the Complaint.

39.       Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction as alleged in paragraph 39 of the Complaint. Experian denies the remaining allegations in paragraph 39 of the Complaint.

40.       Experian denies that it has harmed the Plaintiff either willfully, negligently, or otherwise, as alleged in paragraph 40 of the Complaint.  Experian denies that Plaintiff is entitled to recovery any relief whatsoever from Experian.  Experian denies the remaining allegations in paragraph 40 of the Complaint.

41.       Experian denies that it has harmed that Plaintiff is entitled to recover from Experian actual damages, statutory damages, costs or fees as alleged in paragraph 41 of the Complaint.  Experian denies the remaining allegations in paragraph 41 of the Complaint.

## COUNT FIVE:  15 U.S.C. 1681i(a)(2) INDIVIDUAL CLAIM
### (Experian)

42.       Experian incorporates its responses to the allegations contained in paragraphs 1-41 of the Complaint as if fully set forth herein.

43.       Experian denies the allegations contained in paragraph 43 of the Complaint.

44.       Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction as alleged in paragraph 44 of the Complaint. Experian denies the remaining allegations in paragraph 44 of the Complaint.

45.       Experian denies that it has harmed the Plaintiff either willfully, negligently, or otherwise, as alleged in paragraph 45 of the Complaint.  Experian denies that Plaintiff is entitled to recovery any relief whatsoever from Experian.  Experian denies the remaining allegations in paragraph 45 of the Complaint.

46.      Experian denies that it has harmed that Plaintiff is entitled to recover from Experian actual damages, statutory damages, costs or fees as alleged in paragraph 46 of the Complaint.  Experian denies the remaining allegations in paragraph 46 of the Complaint.

### COUNT SIX:  15 U.S.C. 1681i(a)(4) INDIVIDUAL CLAIM
### (Experian)

47.      Experian incorporates its responses to the allegations contained in paragraphs 1-46 of the Complaint as if fully set forth herein.

48.      Experian denies the allegations contained in paragraph 48 of the Complaint.

49.      Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction as alleged in paragraph 49 of the Complaint. Experian denies the remaining allegations in paragraph 49 of the Complaint.

50.      Experian denies that it has harmed the Plaintiff either willfully, negligently, or otherwise, as alleged in paragraph 50 of the Complaint.  Experian denies that Plaintiff is entitled to recovery any relief whatsoever from Experian.  Experian denies the remaining allegations in paragraph 50 of the Complaint.

51.      Experian denies that it has harmed that Plaintiff is entitled to recover from Experian actual damages, statutory damages, costs or fees as alleged in paragraph 51 of the Complaint.  Experian denies the remaining allegations in paragraph 51 of the Complaint.

### COUNT SEVEN:  15 U.S.C. 1681i(a)(5)(A) INDIVIDUAL CLAIM
### (Experian)

52.      Experian incorporates its responses to the allegations contained in paragraphs 1-51 of the Complaint as if fully set forth herein.

53.      Experian denies the allegations contained in paragraph 53 of the Complaint.

54.      Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction as alleged in paragraph 54 of the Complaint. Experian denies the remaining allegations in paragraph 54 of the Complaint.

55.      Experian denies that it has harmed the Plaintiff either willfully, negligently, or otherwise, as alleged in paragraph 55 of the Complaint.  Experian denies that Plaintiff is entitled to recovery any relief whatsoever from Experian.  Experian denies the remaining allegations in paragraph 55 of the Complaint.

56.      Experian denies that it has harmed that Plaintiff is entitled to recover from Experian actual damages, statutory damages, costs or fees as alleged in paragraph 56 of the Complaint.  Experian denies the remaining allegations in paragraph 56 of the Complaint.

## COUNT EIGHT:  15 U.S.C. 1681s-2(b)(1)(A) INDIVIDUAL CLAIM
### Cardworks

57.      Experian incorporates its responses to the allegations contained in paragraphs 1-56 of the Complaint as if fully set forth herein.

58-61.      Paragraphs 58-61 of the Complaint pertain to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 58-61 of the Complaint and therefore denies the same.

## COUNT NINE:  15 U.S.C. 1681s-2(b)(1)(B)
### Cardworks

62.      Experian incorporates its responses to the allegations contained in paragraphs 1-61 of the Complaint as if fully set forth herein.

63-66.      Paragraphs 63-66 of the Complaint pertain to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 63-66 of the Complaint and therefore denies the same.

## COUNT TEN:  15 U.S.C. 1681s-2(b)(1)(C) and (D) INDIVIDUAL CLAIM
### Cardworks

67.     Experian incorporates its responses to the allegations contained in paragraphs 1-66 of the Complaint as if fully set forth herein.

68-71.     Paragraphs 68-71 of the Complaint pertain to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 68-71 of the Complaint and therefore denies the same.

72.     In response to Plaintiff's "WHEREFORE" clause, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

73.     Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
#### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### THIRD AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the direct and proximate result of the conduct of the Plaintiff or others.

### FOURTH AFFIRMATIVE DEFENSE
### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff's claims fail to the extent that necessary parties are not joined as defendants pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.  Plaintiff's claims may be barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff cannot recover against Experian to the extent that his Complaint fails to state a claim for relief for punitive damages.  Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that such an award would violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

## EIGHTH DEFENSE
### (Impropriety as a Class Action)

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

## NINTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)       That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)       That Experian be dismissed as a party to this action

(3)       For costs of suit and attorneys' fees herein incurred; and

(4)       For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By: /s/David N. Anthony
    David N. Anthony
    Virginia State Bar No. 31696
    *Attorney for Experian Information Solutions,*
      *Inc.*
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    Richmond, Virginia 23219
    Telephone: (804) 697-5410
    Facsimile: (804) 698-5118
    Email: david.anthony@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone:  757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net
*Counsel for Plaintiff*

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Dr., Suite 200
Fairfax, VA  22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
Email: kkelly@smillaw.com
*Counsel for Plaintiff*

Susan Mary Rotkis
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 100
Newport News, VA  23606
Telephone: 757-930-3660
Facsimile: (757) 930-3662
Email:  srotkis@clalegal.com
*Counsel for Plaintiff*

/s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile:  (804) 698-5118
Email: david.anthony@troutmansanders.com

*#2128779v1*