**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MICHAEL T. DREHER,**
**Individually and on behalf of a class**
**similarly situated persons,**

        **Plaintiff,**

        **v.**                                    **Civil Action No. 3:11cv624 (JAG)**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**CARDWORKS, INC., and**
**CARDWORKS SERVICING, LLC,**

        **Defendants.**

**DEFENDANT CARDWORKS SERVICING, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT (CLASS ACTION)**

COMES NOW, CardWorks Servicing, LLC. (hereinafter "CWS"), Defendant in the above-referenced action, and files this Answer in response to the Plaintiff's Second Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1.      CWS admits that Plaintiff is attempting to assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.  CWS denies any liability to Plaintiff pursuant to the FCRA.

2.      CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Second Amended Complaint.

3.      CWS admits it reported Plaintiff's account to Experian on behalf of Advanta. CWS lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint.

4.      CWS denies the allegations asserted against it in Paragraph 4 of Plaintiff's Second Amended Complaint.

## JURISDICTION

5.      CWS admits that Plaintiff's claims asserted under the FCRA raise federal questions.  CWS lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint.

## PARTIES

6.      The statement contained in Paragraph 6 of Plaintiff's Second Amended Complaint relates to a legal conclusion to which CWS is under no known obligation to respond.  To the extent a response is necessary, CWS lacks knowledge or information sufficient to form a belief as to the statement contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

7.      CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint.

8.      CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint.

9.      CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint.

10.     CWS admits that CardWorks, Inc. is the parent company of CardWorks Servicing, LLC.  CWS further admits that CardWorks Servicing, LLC, was appointed by Deutsche Bank as Successor Administrator of the Advanta Business Card Master Trust.  CWS additionally admits its status as a foreign corporation.  The remaining allegations related to whether CWS meets the definition of a "servicer" and/or "furnisher" under the FCRA relate to legal conclusions to which CWS is under no known obligation to respond.  To the extent a

response is necessary, CWS lacks knowledge or information sufficient to form a belief as to whether it meets the definition of "servicer" and/or "furnisher" as those terms are specifically defined under the FCRA.

**FACTS**

11.     CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.

12.     CWS admits that Advanta Bank Corp. was closed by the Utah Department of Financial Institutions on March 19, 2010.  CWS lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint.

13.     CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint.

14.     CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

15.     CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16.     CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

17.     CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18.     CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19.     CWS admits it reported the account that forms the basis of this litigation to one or more credit reporting bureaus.  To the extent CWS is a "furnisher," as that term is defined under the FCRA, CWS asserts this allegation requires it to respond to a legal conclusion to which CWS is under no known obligation respond.  To the extent a response is required, CWS lacks knowledge or information sufficient to form a belief as to whether it meets the definition of "furnisher" under the FCRA.  CWS additionally lacks knowledge or information sufficient to form a belief as to whether the account was "fraudulent" as alleged in Paragraph 19 of Plaintiff's Second Amended Complaint.

20.     CWS denies the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

## CLASS ACTION ALLEGATIONS

21.     CWS admits Plaintiff is attempting to bring this action on behalf of himself and three putative classes.  CWS denies this matter may be properly maintained as a class action.  CWS denies the remaining allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.     CWS denies Plaintiff has met the numerosity requirement of Rule 23(a)(1) of the Federal Rules of Civil Procedure.  CWS lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23.     CWS denies the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.

24.     CWS denies the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25.     CWS denies the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

26.     CWS denies the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27.     CWS denies the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

### COUNT ONE:  15 U.S.C. 1681e(b) FIRST CLASS CLAIM
### (Experian)

28.     CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

29.     Plaintiff's allegations relate to another defendant.  Accordingly, CWS lacks knowledge or information sufficient to form a belief as to allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Plaintiff's allegations relate to another defendant.  Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

### COUNT TWO:  15 U.S.C. 1681i(a)(6) SECOND CLASS CLAIM
### (Experian)

31.     CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

32.     Plaintiff's allegations relate to another defendant.  Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint.

33.    Plaintiff's allegations relate to another defendant.    Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

## COUNT THREE:  15 U.S.C. 1681g(a)(2) THIRD CLASS CLAIM
### (Experian)

34.    CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

35.    Plaintiff's allegations relate to another defendant.    Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint.

36.    Plaintiff's allegations relate to another defendant.    Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

## COUNT FOUR:  15 U.S.C. 1681i(a)(1) FOURTH CLASS CLAIM
### (Experian)

37.    CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

38.    Plaintiff's allegations relate to another defendant.    Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.    Plaintiff's allegations relate to another defendant.    Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint.

40.     Plaintiff's allegations relate to another defendant.   Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint.

41.     Plaintiff's allegations relate to another defendant.   Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint.

## COUNT FIVE:  15 U.S.C. 1681i(a)(2) INDIVIDUAL CLAIM
### (Experian)

42.     CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

43.     Plaintiff's allegations relate to another defendant.   Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint.

44.     Plaintiff's allegations relate to another defendant.   Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of Plaintiff's Second Amended Complaint.

45.     Plaintiff's allegations relate to another defendant.   Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46.     Plaintiff's allegations relate to another defendant.   Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint.

### COUNT SIX:  15 U.S.C. 1681i(a)(4) INDIVIDUAL CLAIM
### (Experian)

47.     CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

48.     Plaintiff's allegations relate to another defendant.  Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complaint.

49.     Plaintiff's allegations relate to another defendant.  Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of Plaintiff's Second Amended Complaint.

50.     Plaintiff's allegations relate to another defendant.  Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiff's Second Amended Complaint.

51.     Plaintiff's allegations relate to another defendant.  Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of Plaintiff's Second Amended Complaint.

### COUNT SEVEN:  15 U.S.C. 1681i(a)(5)(A) INDIVIDUAL CLAIM
### (Experian)

52.     CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

53.     Plaintiff's allegations relate to another defendant.  Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint.

54.     Plaintiff's allegations relate to another defendant.   Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of Plaintiff's Second Amended Complaint.

55.     Plaintiff's allegations relate to another defendant.   Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint.

56.     Plaintiff's allegations relate to another defendant.   Accordingly, CWS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint.

## COUNT EIGHT:  15 U.S.C. 1681s-2(b)(1)(A) INDIVIDUAL CLAIM
### (CardWorks)

57.     CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

58.     CWS denies the allegations contained in Paragraph 58 of Plaintiff's Second Amended Complaint.

59.     CWS denies the allegations contained in Paragraph 59 of Plaintiff's Second Amended Complaint.

60.     CWS denies the allegations contained in Paragraph 60 of Plaintiff's Second Amended Complaint.

61.     CWS denies the allegations contained in Paragraph 61 of Plaintiff's Second Amended Complaint.

## COUNT NINE:  15 U.S.C. 1681s-2(b)(1)(B) INDIVIDUAL CLAIM
### (CardWorks)

62.     CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

63.     CWS denies the allegations contained in Paragraph 63 of Plaintiff's Second Amended Complaint.

64.     CWS denies the allegations contained in Paragraph 64 of Plaintiff's Second Amended Complaint.

65.     CWS denies the allegations contained in Paragraph 65 of Plaintiff's Second Amended Complaint.

66.     CWS denies the allegations contained in Paragraph 66 of Plaintiff's Second Amended Complaint.

## COUNT TEN:  15 U.S.C. 1681s-2(b)(1)(C) and (D) INDIVIDUAL CLAIM
### (CardWorks)

67.     CWS incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

68.     CWS denies the allegations contained in Paragraph 68 of Plaintiff's Second Amended Complaint.

69.     CWS denies the allegations contained in Paragraph 69 of Plaintiff's Second Amended Complaint.

70.     CWS denies the allegations contained in Paragraph 70 of Plaintiff's Second Amended Complaint.

71.     CWS denies the allegations contained in Paragraph 71 of Plaintiff's Second Amended Complaint.

72.     CWS denies any and all remaining allegations contained in Plaintiff's Second Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

CWS hereby sets forth the following affirmative and other defenses to the Second Amended Complaint, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

## FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim against CWS upon which relief may be granted.

## SECOND DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against CWS.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction because Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration.   CWS hereby exercises its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## FOURTH DEFENSE

At all times relevant, CWS acted neither negligently nor willfully within the meaning of the FCRA, 15 U.S.C. §§ 1681, *et seq*., and it acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

## FIFTH DEFENSE

This Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies pursuant to the Financial Institutions Reform, Recovery, and

Enforcement Act ("FIRREA"), 12 U.S.C. § 1821, prior to filing the present lawsuit in federal court.

## SIXTH DEFENSE

Plaintiff should be prohibited from recovering from CWS, in whole or in part, to the extent that he failed to mitigate his alleged damages, if any.

## SEVENTH DEFENSE

Plaintiff's claims for punitive damages fails to the extent that the Second Amended Complaint fails to state a claim for relief for punitive damages.  Additionally, CWS states that while it does not believe Plaintiff has stated a claim for punitive damages, even if he proves an entitlement to any such punitive damage award, CWS is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America and the Constitution of Virginia.  *See Williams v. Telespectrum, Inc.*, 2007 U.S. Dist. LEXIS 78415, 18-19 (E.D. Va. 2007).

## EIGHTH DEFENSE

Plaintiff cannot recover from CWS to the extent that any damages that Plaintiff may have suffered, which CWS continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

## NINTH DEFENSE

Plaintiff cannot recover from CWS to the extent that any damages Plaintiff may have or will suffer as alleged in the Second Amended Complaint, which CWS continues to deny, have been proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions of persons or entities over whom CWS had no control, and for whose conduct CWS is not responsible, which bars or diminishes any recovery by Plaintiff against CWS.

## TENTH DEFENSE

CWS reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, CWS prays that Plaintiff's Second Amended Complaint be dismissed with prejudice; that judgment be granted to CWS and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.


Dated:    March 19, 2012                      Respectfully submitted,

                                              CARDWORKS SERVICING, LLC


                                              By:    /s/ Ethan G. Ostroff
                                                            Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71610)
Counsel for Defendants CardWorks, Inc.
and CardWorks Servicing, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff Michael T. Dreher**
Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, Suite 200
Fairfax, Virginia 22030
Email: kkelly@smillaw.com

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, Virginia 23601
Email: lenbennett@cox.net
Email: srotkis@clalegal.com

**Counsel for Defendant Experian Information Solutions, Inc.**
David N. Anthony
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
E-mail: david.anthony@troutmansanders.com

    /s/ Ethan G. Ostroff
Ethan G. Ostroff (VSB No. 71610)
Counsel for Defendants CardWorks, Inc.
and CardWorks Servicing, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

432006v1

- 14 -