**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**MICHAEL T. DREHER,**
*Individually and on behalf of a
class of similarly situated persons,*

         **Plaintiff,**

v.                                                                    CIVIL NO.  3:11-cv-00624-JAG

**EXPERIAN INFORMATION SOLUTIONS, INC.,
CARDWORKS, INC., and CARDWORKS SERVICING,
LLC.,**

         **Defendants.**

## PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES

COMES NOW the Plaintiff, MICHAEL T. DREHER, by counsel, and pursuant to Fed. R. Civ. P. 26(a)(1), and makes the following disclosures to Defendants.  These initial disclosures are based on information reasonably available to the Plaintiff at this time.  Plaintiff reserves the right to supplement these initial disclosures (either through express supplements to these disclosures or through responses to formal discovery) when additional information becomes available.

In making these initial disclosures, Plaintiff does not waive the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground to the use of any such information, for any purpose, in whole or in part, and this action or any other action.  Plaintiff also does not waive the right to object to any request for production of any document, electronically stored information, or tangible

1

thing on the basis of any privilege, the work product doctrine, evidentiary exclusion, relevancy, undue burden or any other proper ground.

**I. Individuals likely to have discoverable information**

    a.    Plaintiff, Michael T. Dreher.

        *All facts.*

    b.    Employees of Experian Information Solutions, Inc.

        *All facts regarding the subject matter of the Complaint.*

    c.    Employees of Trans Union, LLC.

        *All facts regarding the subject matter of the Complaint*

    d.    Employees of Equifax Information Services, LLC.,

        *All facts regarding the subject matter of the Complaint.*

    e.    Employees of Cardworks, Inc.

        *All facts regarding the subject matter of the Complaint.*

    f.    Employees of Cardworks Servicing, LLC.,

        *All facts regarding the subject matter of the Complaint.*

    g.    Employees of Chase Identity Protection
        P.O. Box 220990
        Chantilly, VA 20153-0990

        *Credit Monitoring Service- all facts regarding notifications when the Advanta account appeared on the Plaintiff's credit reports and Plaintiff's inquires to remove the derogatory information.*

    h.    Employees of Atlantic Remodeling
        10565 Fairfax Blvd, #101
        Fairfax,VA 22030

        *All facts regarding the Plaintiff's application and credit denial for roof replacement financing.*

      i.      Tricia Patterson
             Q232 Contractor Clearances
             Department of Defense

> *All facts regarding the processing of the Plaintiff's security clearance.*

      j.      Employees of Chase
             Cardmember Service/Credit Department
             P.O. Box 15298
             Wilmington, DE 19850-5298

> *All facts regarding the reduction of the Plaintiff's credit line accounts*

      k.      Bank of America, N.A. Card Services
             P.O. Box 15646
             Wilmington, DE 19850-5646

> *All facts regarding the credit line reduction of Plaintiff's account ending in 2002 and the closing of Plaintiff's account ending in 8012 on or about January 11, 2011.*

      l.      Evan Hendricks
             8321 Tomlinson Avenue
             Bethesda, MD 20817

> *Expert Witness*

      m.     Unknown persons as may be revealed in discovery.

      n.     All witnesses identified by the Defendants.

## II. Description of documents in possession of the Plaintiff.

Other than those documents obtained from any Defendant in discovery, the Plaintiff has the following documents in his possession and control:

Plaintiff's Bate Stamp Nos. 000001 – 000198 – *forwarded to Defendants' Counsel under separate cover.*

## III. Computation of Damages

    **A.    INDIVIDUAL CLAIMS:**

**<u>Itemization Of Damages</u>**

3

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.,* 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

### Categories and types of Actual Damages

i. Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.
ii. Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.
iii. Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.
iv. Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.
v. Plaintiff has suffered general damages in the form of damage to reputation.
vi. Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.
vii. Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in his credit reports.
viii. The damage to Plaintiff's credit score may also have impacted the interest rates he has on current loans, credit he has requested during this ordeal, if applicable or has caused decreased credit limits and account closures on existing accounts.
ix. Plaintiff's economic damage also includes the considerable time, effort and expense he has been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.
x. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture his good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.
xi. Plaintiff has also suffered embarrassment from having to explain himself to potential creditors and his employer regarding security routine clearances. Plaintiff suffers anxiety when considering seeking additional credit because he believes, justifiably, that he will be forced to once again subject himself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about him.

4

**Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA,* (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b)

5

appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

6

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian,* 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

c. **Specific examples of credit denials/ adverse actions**

The Plaintiff has experienced specific and known damage to his credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate information contained in his credit files.

Plaintiff has to send ongoing information to keep his security clearance due to the fact that the fraudulent Advanta account was reported delinquent.

On or about January 4, 2011, Chase reduced the credit limit on his credit card account.

On or about January 11, 2011, Bank of America closed one of his credit card accounts after a review of his Trans Union credit report.

On or about January 11, 2011, Bank of America reduced the credit limit on one of his credit card accounts after a review of his Trans Union credit report.

It is the Plaintiff's understanding, as summarized through his counsel, that each of the consumer reports utilized contained the inaccurate derogatory account and inaccurate information at issue in this case.

d. **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of his expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

e. **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

> *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);
>
> *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);
>
> *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);
>
> *Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);
>
> *Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)
>
> *Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);
>
> *Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);
>
> *Thorton v. Equifax Inc*., 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).
>
> *Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

**B. CLASS CLAIMS:**

Pursuant to 15 U.S.C. §1681n, Plaintiff and each class member seek statutory damages from $100.00 and $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney's fees and costs.

Plaintiff further seeks these damages individually and on a class basis.

Plaintiff reserves the right to further supplement these disclosures.

**MICHAEL T. DREHER,**
*Individually and on behalf of a*
*class of similarly situated persons*

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@cox.net

Susan M. Rotkis
VSB 40693
Attorney for Plaintiff
CONSUMER LITIGATION ASSOC., P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

>Kristi Cahoon Kelly, VSB #72791
>SUROVELL ISAACS PETERSEN &
>LEVY PLC
>4010 University Drive, 2nd Floor
>Fairfax, VA 22030
>Telephone (703) 277-9774
>Facsimile (703) 591-9285
>E-mail: kkelly@siplfirm.com

>*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: **david.anthony@troutmansanders.com**

Ethan G. Ostroff
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
Email: ethan.ostroff@troutmansanders.com

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
Email: john.lynch@troutmansanders.com

/s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net
