**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**MICHAEL T. DREHER,**
*Individually and on behalf of a*
*class of similarly situated persons,*

        **Plaintiff,**

**v.**                                      **CIVIL NO.  3:11-cv-00624-JAG**

**EXPERIAN INFORMATION SOLUTIONS, INC.,
CARDWORKS, INC., and CARDWORKS SERVICING,
LLC.,**

        **Defendants**

**MEMORANDUM IN OPPOSITION TO MOTION TO SEAL FILED BY <u>DEFENDANT
EXPERIAN INFORMATION SOLUTIONS, INC</u>.**

COMES NOW the Plaintiff, MICHAEL T. DREHER, by counsel, and for his
Memorandum in Opposition to Experian Information Solutions, Inc.'s ("Experian") Motion to
Seal, he states as follows:

**ARGUMENT**

Plaintiff opposes the Motion to File documents under seal.  Dreher accepts that such
filing was necessary for Experian's use of the documents in its pending Motion for Summary
Judgment.  However, pursuant to the Protective Order negotiated by the Parties (Docket No. 39),
including now-settled Cardworks, Inc. and Cardworks Servicing, LLC, the party designating a
document as confidential is obligated to move for filing under seal, if warranted.  (*Id*. at ¶ 11).
This is of course required because on that party would have factual support or even self-interest
in such confidentiality.  Because Cardworks has not filed such a motion or to date even

responded to the boiler-plate motion obligatorily filed by Experian, there is no stated basis in the record for sealing this Court's file.

Regardless, had Cardworks made such an attempt, even with supporting evidence, the interests in protecting the openness of the Court's files and docket, especially with regard to a Summary judgment motion, would overwhelm such Cardwork's privacy concern.   When "discovery material is classified confidential by the parties, their classification is not binding   on the court." *Chemical Bank v. Affiliated FM Ins. Co.,* 154 F.R.D. 91, 94 (S.D.N.Y.1994)." *I/P Engine, Inc. v. AOL, Inc.*, 2:11CV512, 2012 WL 4050093 (E.D. Va. Sept. 13, 2012).  *Ashcraft v. Conoco, Inc.,* 218 F.3d 282 (4th Cir.2000), the seminal case in the Fourth Circuit, sets out the procedural requirements for sealing court filings. *Id.* at 288 (citing *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 181 (4th Cir.1988), and *In re Knight Pub. Co.,* 743 F.2d 231, 235–36 (4th Cir.1984)).

Further, Local Rule 5 is the means by which the Eastern District of Virginia implements these procedural requirements.  Experian's motion does not satisfy this rule.

Respectfully submitted,

**MICHAELT. DREHER ,**

_____/s/_____

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2012,  I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: david.anthony@troutmansanders.com

Benjamin J. Katz
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
E-mail:  bjkatz@jonesday.com

Joseph William Clark
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
E-mail:  jwclark@jonesday.com

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net