**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| MICHAEL T. DREHER, *Individually and on behalf of a class of similarly situated persons*, <br><br> Plaintiff, <br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., CARDWORKS, INC., and CARDWORKS SERVICING, LLC, <br><br> Defendants. | Civil Action No. 3:11-CV-00624-JAG |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENFORCEMENT OF PROTECTIVE ORDER AND FOR SANCTIONS**

Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"), by and through undersigned counsel, respectfully moves this Court to enforce the Stipulated Protective Order entered in this matter (Dkt. No. 59 or "the Protective Order") and further moves the Court to impose sanctions on Plaintiff and his counsel for violating the Protective Order.

Defendant requests that this Court enforce the Protective Order with respect to sixteen (16) exhibits attached to Plaintiff's Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Partial Summary Judgment (Dkt. No. 66 or "Plaintiff's Opposition"), specifically Exhibits A-1, B, C, D, E, E-1, E-2, E-3, F, H, M, O, P, U, V, and W. The aforementioned Exhibits to Plaintiff's Opposition fall into three categories:

(1) Expert Declarations:

Exhibit H – Declaration of Evan Hendricks;

Exhibit U – Expert Report and Declaration of Elizabeth De Armond;

(2) Deposition Transcript:

Exhibit F – Unofficial Draft Transcript of the Deposition of Peter Henke;

(3) Production Documents:

Exhibits A-1, B, C, D, E, E-1, E-2, E-3, M, O, P, V, and W – Documents designated by Defendant as "Confidential" and "Highly Confidential."

Defendant requests that the Court strike the above-enumerated exhibits permanently or temporarily and impose other appropriate sanctions upon Plaintiff and his counsel, pursuant to Federal Rule of Civil Procedure 37(b) and the inherent powers of the Court to impose sanctions for violations of its Orders. Additionally, Defendant seeks further suitable relief, including, but not limited to, costs and fees associated with bringing this Motion.

## I. BACKGROUND

### A. Plaintiff Stipulated to the Protective Order and Agreed to the Specifically Enumerated Procedures Therein

In order to allow this case to be resolved as soon as practicable, the parties agreed to a Scheduling Order under which the issue of whether Experian "willfully" violated the Fair Credit Reporting Act ("FCRA") could be decided via an expedited summary judgment proceeding. Dkt. No. 37. This agreement provided for a limited discovery schedule in which documents would be produced within a month of the filing of the Scheduling Order. Shortly after the Court entered the Scheduling Order, the parties agreed to a Protective Order that would facilitate the expedited discovery. The parties modeled the Protective Order after a protective order entered in another case in which counsel for both the Plaintiff and the Defendant were the same as in the case *sub judice*.

The parties, in good faith, operated under the terms of this Protective Order and proceeded with discovery. Defendant asked on multiple occasions for Plaintiff's Counsel's

express consent to file the stipulated order, but did not receive this consent until November 9, 2012. Defendant filed the Joint Motion on the same day, and the Court signed the Protective Order on November 19, 2012. Dkt. No. 59 (attached as Exhibit A).

Under the terms of the Protective Order, the parties agreed:

- To designate all documents produced with a good faith assertion of confidentiality as "CONFIDENTIAL" Dkt. No. 59 ¶ 2.;

- To allow parties wishing to designate portions of a deposition transcript as confidential 14 calendar days after its counsel receives a copy of the deposition transcript, and to treat all transcripts as confidential until the expiration of these 14 days. Dkt. No. 59 ¶ 3 ("All transcripts will be treated as confidential until the expiration of the 14 day period described in this paragraph. . . . The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.").

- Not to disclose, absent prior written permission from the designating party or an order by the Court, materials designated as confidential to any person other than the parties; qualified persons taking testimony; *disclosed* experts and their staff; present and former employees of the producing party in connection with their depositions; witnesses deposed in this action; and the Court. Dkt. No. 59 ¶ 5 (emphasis added).

- To provide notice to the designating party to disclose any confidential materials to any disclosed expert "not less than five (5) days prior to the proposed disclosure." This notice "must include the name of the disclosed expert, the date of the proposed disclosure, a summary of the disclosure, and the expert's educational and employment history." Dkt. No. 59 ¶ 6.

- Not to disclose any confidential materials to any disclosed expert "unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation." Dkt. No. 59 ¶ 7.

- To follow an agreed upon procedure to dispute the confidentiality designation, which includes "that the party shall bring it to the attention of the designating party within 10 days." If the parties could not, after trying in good faith to resolve the disagreement informally, the disputing party could notify the designating party, in writing, of its conclusion that the materials were not properly designated as confidential, at which time the designating party had the right to move the Court to retain the designated status. Dkt. No. 59 ¶ 9.

- To, at least five (5) days before filing confidential materials with the court, notify the designating party, and to "meet and confer in good faith to determine whether a redacted version of the confidential materials can be filed with the Court." If no such agreement could be reached, the filing party "shall file such material in accordance with Local Rule 5(B) & (D)." Dkt. No. 59 ¶ 10.

- To be subject to appropriate sanctions from the Court for the disclosure of confidential information in violation of the Protective Order. Dkt. No. 59 ¶ 19.

As detailed below, Plaintiff has violated each of the above provisions.

### B. Plaintiff Disclosed Confidential Materials to Third Parties in Violation of the Protective Order

In support of Plaintiff's Opposition, Plaintiff filed purported expert declarations from two individuals as Exhibits H and U. The plain text of each declaration states that the declarants reviewed materials covered by the Protective Order.

In Exhibit H, entitled, "Declaration of Evan Hendricks," Mr. Hendricks states that he based his opinion upon the "deposition testimony and declaration of Experian's employee, Mr. Henke, and the email exchange between Experian and CardWorks, all provided to me and reviewed by me in this case." Mr. Hendricks executed his declaration on November 28, 2012.

In Exhibit U, entitled, "Expert Report and Declaration of Elizabeth De Armond", Ms. Armond lists the documents she reviewed. These include, "Exhibits of Defendants Experian Information Solutions, Inc. numbered 1-138"; "Documents produced by Defendant Experian Information Solutions, Inc. dated June 22, 2012"; and "Deposition of Peter Henke, dated Nov. 8, 2012." Ms. De Armond's executed her declaration on November 29, 2012.

As discussed in more detail below, the documents Mr. Hendricks and Ms. De Armond reviewed, and upon which they based their opinions, deserved confidential treatment pursuant to the Protective Order. Despite the terms of the Protective Order, Plaintiff did not at any time notify Defendant that he intended to disclose confidential materials to Mr. Hendricks or Ms. De

Armond. Despite adequate time to meet and confer, the first Defendant learned of these disclosures was when Plaintiff filed his Opposition on December 7, 2012.[1]

### C. Plaintiff Filed Confidential Materials without First Meeting and Conferring with Defendant, Violating the Protective Order

#### 1. Exhibit F – Draft Transcript of the Deposition of Peter Henke

In support of Plaintiff's Opposition, Plaintiff filed an excerpt from the draft transcript of the Henke Deposition. Defendant received the official transcript of this deposition on December 3, 2012. Pursuant to Paragraph 3 of the Protective Order, Plaintiff was, at all times through the present, required to treat the transcript as confidential. At no time prior to filing his Opposition on December 7, 2012, did Plaintiff indicate his intention to file portions of the rough transcript nor did he seek to negotiate an expedited review of the transcript for confidentiality. Despite filing a separate exhibit under seal, Plaintiff filed Exhibit F on the publicly accessible docket.

#### 2. Exhibits A-1, B, C, D, E, E-1, E-2, E-3, M, O, P, V, and W – Experian Production Documents Designated as Confidential

In support of Plaintiff's Opposition, Plaintiff also filed thirteen exhibits that consisted of Experian production documents stamped "CONFIDENTIAL" on their face. At no time before filing did Plaintiff inform Experian of his intention to file these documents or seek to meet and confer regarding whether redacted versions could be filed instead. Despite filing a separate exhibit under seal, Plaintiff filed these thirteen exhibits, in their entirety, on the publicly accessible docket.[2]

---

[1] Plaintiff filed his Opposition at 11:58 PM on Friday, December 7, 2012. Given the volume of documents filed and the intervening weekend, Experian did not realize the extent of Plaintiff's violations until its counsel had an opportunity to thoroughly examine the complete filing beginning on Monday, December 10, 2012 and continuing on Tuesday, December 11, 2012.

[2] Plaintiff has since placed Exhibit M under seal, as of this filing the other twelve exhibits remain on the public docket.

## II. ARGUMENT

### A. The Court Has the Authority to Sanction a Protective Order Violation Pursuant to the Federal Rules of Civil Procedure and Its Contempt Powers

Under Federal Rule of Civil Procedure 37(b), this Court has the authority to enter sanctions for violations of protective orders. *See, e.g., Smith & Fuller P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (finding District Court did not err in awarding sanctions for an inadvertent violation of protective order); *Heavyhitters v. Nike, Inc.,* 251 Fed. Appx. 378, 380 (9th Cir. 2007) ("The district court did not abuse its discretion in sanctioning appellants' counsel's knowing and willful defiance of the protective order that the appellants had agreed to and the court had issued."); *Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29, 31 (D. Me. 1994); *Trenado v. Cooper Tire & Rubber Co.*, 274 F.R.D. 598, 599-600 (S.D. Tex 2011). The available sanctions under Rule 37 include inter alia: (1) "prohibiting the disobedient party from . . . introducing designated matters in evidence"; (2) "striking pleadings in whole or in part"; (3) "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental evaluation." Fed. R. Civ. P. 37(b)(2)(A).

Civil contempt sanctions are also available to punish protective order violations, as courts possess "the inherent power to punish for contempt." *See, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991); *Whitehead v. Gateway Chevrolet, Oldsmobile,* 2004 U.S. Dist. LEXIS 11979, *16 (N.D. Ill. June 29, 2004).

Finally, the parties expressly agreed to be subject to sanctions from the Court for violations of the Protective Order in the final paragraph of the Protective Order itself. *See* Dkt. 59 ¶ 19 ("The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order . . . .")

### B. Plaintiff's Expert Declarations, Which Were Drafted and Filed in Violation of the Protective Order, Should Be Struck

When Plaintiff disclosed confidential Experian documents and the draft Henke deposition transcript to Mr. Hendricks and Ms. De Armond, he violated every relevant provision of the Protective Order. First, Plaintiff did not disclose these individuals as experts in the manner required by Paragraph 6 of the Protective Order. Plaintiff did not provide notice of the date on which he intended to disclose Experian's confidential materials to Mr. Hendricks or Ms. De Armond. He never provided a summary of the disclosures, nor did he provide the proposed expert's educational or employment history. Plaintiff never provided signed and dated declarations, as required by Paragraph 7 of the Protective Order, in which the proposed experts acknowledged that they had first read the Protective Order and agreed to be bound by its terms, including an agreement not to reveal Experian's confidential materials to anyone or to utilize the confidential materials for any purpose other than the pending litigation..

Likewise, Plaintiff did not seek to challenge Experian's confidentiality designations within 10 days of receiving the document productions, as required by Paragraph 9, nor did Plaintiff seek to negotiate in good faith to alter the time frames for designating portions of the Henke deposition as confidential consistent with the procedure to which the parties agreed in Paragraph 3 of the Protective Order. Instead, Plaintiff decided unilaterally to disclose these confidential materials to Mr. Hendricks and Ms. De Armond. Plaintiff then compounded these violations by filing both declarations in the public record, rather than under seal.

Plaintiff's failings were not for lack of time or knowledge. Defendant filed its Motion for Partial Summary Judgment on October 5, 2012. Plaintiff sought and received multiple extensions of time to file his response. Plaintiff did not ultimately file his Opposition until December 7, 2012, more than two months after Defendant's Motion. At no time in the nearly

two months that Experian's motion had been pending before Hendricks and De Armond executed their respective declarations did Plaintiff make the required disclosures and representations to Defendant or seek to meet and confer with Experian on the relevant confidentiality designations. Furthermore, when the exhibits in support of Plaintiff's Opposition were filed, Plaintiff did file one exhibit, a document produced by CardWorks, under seal, demonstrating his ability to do the same with the exhibits at issue.

One of the purposes of Rule 37 sanctions is "to ensure that a party will not benefit from its failure to comply with a court order." *Richardson v. New York City Health & Hosps. Corp.*, 2007 U.S. Dist. LEXIS 54418 at *18 (S.D.N.Y. Aug. 31, 2007). Consistent with this purpose, Plaintiff should not get the benefit of these declarations. Accordingly, the Court should strike the declarations, remove them from the docket, and prohibit Plaintiff's use or reliance upon them.

  **C.**  **The Draft Deposition Transcript that was Filed in Violation of the Protective Order Should Be Struck at Least Until Such Time as the Parties Have Met and Conferred Regarding Confidentiality Designations**

As discussed above, Plaintiff filed as an Exhibit the draft transcript of the Henke deposition. The unambiguous terms of the Protective Order requires Plaintiff to treat this transcript as confidential, until either: (1) Experian indicates which portions it believes to be Confidential; or (2) two weeks after the date the official transcript was received. Neither of these has occurred yet, as the official transcript was only recently received on December 3, 2012.

The Protective Order provides an alternative means of dealing with confidentiality designations for transcripts, "where a more expedited filing of a designated portion of the deposition transcript is required." Plaintiff simply needed to "negotiate in good faith to alter the time frames set forth in unofficial draft transcript, without informing Defendant of his intent to

do so, without meeting and conferring regarding confidentiality designations, and without filing under seal. Each of these failures violated the unambiguous terms of the Protective Order.

As sanction for this violation, Experian respectfully requests that the Court strike this exhibit, and seal it on the public docket. If not permanently, these sanctions should remain at least until such time as Plaintiff has followed the procedures that he agreed to in the Protective Order, and Experian has had the opportunity to be heard on its Confidentiality designations.

> D. **The Thirteen Exhibits Filed in Violation of the Protective Order Should Be Struck at Least Until Such Time as the Parties Have Met and Conferred Regarding Confidentiality Designations**

Plaintiff also filed thirteen documents as exhibits that consisted of Experian production documents with confidentiality designations on their face. Although Plaintiff was afforded the opportunity to dispute the confidential designations, Plaintiff followed none of the steps required under the Protective Order to challenge these designations, neither did he meet and confer about potential redactions, nor did he file the exhibits under seal. Instead, Plaintiff filed these documents on the public docket, and sealed only the documents produced by CardWorks.

As sanction for these blatant violations of the Protective Order, the Court should strike the exhibits, and seal them on the public docket. If not permanently, these sanctions should remain at least until such time as Plaintiff has followed the procedures to which he agreed in the Protective Order and Experian has had the opportunity to be heard on its Confidentiality designations.

> E. **Plaintiff Must Compensate Defendant for the Reasonable Costs of Prosecuting the Protective Order Violations, Including Attorneys' Fees**

In addition to sanctions, the party damaged by a protective order violation is entitled to attorneys' fees and expenses incurred in bringing the motion to enforce the order. Rule 37 requires an award of attorneys' fees incurred as a result of the failure to follow the terms of a

discovery order, unless the failure was substantially justified or other circumstances make the award of expense unjust. *See* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make the award of expenses unjust.") (emphasis added).

Here, there is no justification, substantial or otherwise for Plaintiff's numerous and blatant violations of the Protective Order. Plaintiff had more than two months to respond to Experian's Motion for Partial Summary Judgment, yet took none of the steps he agreed to take when utilizing documents designated as Confidential. Plaintiff never asked for a single meet-and-confer conference with respect to confidentiality, nor did he file a single document produced by Experian under seal. Comparatively, plaintiff's conduct was more egregious than that of defense counsel in *Smith & Fuller*, where the Fifth Circuit upheld an award of attorneys' fees as sanctions where confidential information was "inadvertently disseminated." 685 F.3d 486, 487 (5th Cir. 2012) (finding that sanctions were appropriate even though the district court found that the violations had not been willful).

## III. CONCLUSION

Wherefore, for the foregoing reasons, Defendant Experian Information Solutions, Inc. respectfully requests that the Court grant its Motion To Enforce the Protective Order and for Sanctions and order the relief requested herein.

Dated: December 12, 2012

*/s/ Joseph W. Clark*
Joseph W. Clark (VSB No. 42664)
Patricia S. Cruz
Benjamin J. Katz
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: 202.879.3697
Fax: 202.626.1700
jwclark@jonesday.com
*Counsel for Defendant Experian Information Solutions, Inc.*

David N. Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Tel: 804-697-5410
Fax: 804-698-5118
david.anthony@troutmansanders.com
*Counsel for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2012, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Associates, PC
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: 757.930.3660
Fax: 757.930.3662
lenbennett@clalegal.com
*Counsel for Plaintiff*

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
Tel: 703.251.5400
Fax: 703.591.9285
kkelly@siplfirm.com
*Counsel for Plaintiff*

Susan Mary Rotkis
Consumer Litigation Associates, PC
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: 757.930.3660
Fax: 757.930.3662
srotkis@clalegal.com
*Counsel for Plaintiff*

Dated:  December 12, 2012

*/s/ Joseph W. Clark*
Joseph W. Clark (VSB No. 42664)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC  20001
Tel: 202.879.3697
Fax: 202.626.1700
jwclark@jonesday.com

*Counsel for Defendant Experian Information Solutions, Inc.*