# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | | |
|---|---|---|
| Michael T. Dreher | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:11-cv-624 (JAG) |
| | ) | |
| Experian Information Solutions, Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Virginia ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wiley & Wilson, Attn: J. Frederick Armstrong, Registered Agent, 127 Nationwide Drive, Lynchburg, VA 24502

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents requested in Schedule A (attached).
***COPIES MAY BE PRODUCED IN LIEU OF ORIGINALS TO: Joseph W. Clark, Jones Day, 51 Louisiana Ave., NW, Washington, DC 20001, e-mail: jwclark@jonesday.com, telephone: 202-879-3697.

| Place: Jones Day<br>Attn: Joseph W. Clark<br>51 Louisiana Ave., NW, Washington, DC 20001 | Date and Time:<br>07/23/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/08/2013

*CLERK OF COURT*

OR _/s/ Joseph W. Clark_

_____ _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Experian Information Solutions, Inc._____, who issues or requests this subpoena, are:
Joseph W. Clark, Jones Day, 51 Louisiana Ave., NW, Washington, DC 20001, e-mail: jwclark@jonesday.com, telephone: 202-879-3697.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:11-cv-624 (JAG)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  Wiley & Wilson, J. Frederick Armstrong, Registered Agent
was received by me on *(date)* 07/08/2013.

☑ I served the subpoena by delivering a copy to the named person as follows:  via e-mail and first class mail upon consent of Mr. J. Frederick Armstrong, Registered Agent, Wiley & Wilson.

on *(date)* 07/08/2013  ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 07/08/2013

*Server's signature*

Patricia Simone Cruz, Associate
*Printed name and title*

Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001

*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

Experian Information Solutions, Inc. ("Experian"), pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, hereby serves the following requests for production of documents. You shall produce the requested documents for inspection and copying at the offices of Jones Day, 51 Louisiana Ave., N.W. Washington, D.C. 20001, by July 23, 2013.

### I. DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's requests for production:

1. "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interview; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3. "Person" means any natural or artificial person, including business entities and other legal entities, but does not include counsel of record in this case, namely Leonard A.

Bennett and Susan M. Rotkis of Consumer Litigation Associates, PC, and Kristi Cahoon Kelly of Surovell Isaacs Petersen & Levy, PLC.

4. "Plaintiff" refers to Michael T. Dreher of 11021 Byrd Drive, Fairfax, VA 22030, and any of Plaintiff's agents, representatives, or anyone else acting, or who has acted, on behalf of Plaintiff.

5. "You" or "your" refer to Wiley & Wilson and all persons acting for or on behalf of Wiley & Wilson and/or any business entity owned or controlled in whole or in part by Wiley & Wilson.

6. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

7. The use of the word "including" shall be construed to mean "without limitation."

8. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

9. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

10. The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request.

11. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced that are not subject to an objection and are known by, possessed or controlled by, or available to you or any of your attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

12. In the event you assert any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only

part of the document, the balance of the document production should be answered in full. With respect to any document which is withheld on a claim of privilege, you shall provide, at the time its responses are due hereunder, a statement setting forth as to each such document the following information:

    a.     the name(s) of the sender(s) of the document;

    b.     the name(s) of the author(s) of the document;

    c.     the name(s) of the person(s) to whom the document or copies were sent;

    d.     the date of the document;

    e.     a brief description of the nature and subject matter of the document; and

    f.     the nature of the privilege or the authority which is claimed to give rise to it.

13.     If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

    a.     the type of document;

    b.     a description of the nature and contents of the document;

    c.     the identity of the author;

    d.     the circumstances under which it ceased to exist;

    e.     the identity of all person(s) having knowledge of the circumstances under

    f.     which it ceased to exist; and

    g.     the identity of all person(s) who had knowledge of the contents.

## II. DOCUMENTS TO BE PRODUCED

Pursuant to the Definitions and Instructions above, produce the following documents:

1. All communications to or from any of your employees regarding Plaintiff's security clearance, including but not limited to:

    a. All communications and documents related to the investigation conducted by the National Security Agency ("NSA"), Department of Defense ("DOD"), and/or Federal Bureau of Investigation ("FBI") beginning in November 2010.

    b. All communications and documents related to the consequences of Plaintiff potentially not receiving a security clearance.

    c. Interim reports and final results of Plaintiff's security clearance investigation in 2010-2011.

2. All communications or documents transmitted via Plaintiff's work e-mail account(s) to, from, or relating to the following persons or entities:

    a. Patricia (Tricia) Patterson

    b. Any NSA, DOD, or FBI investigator or contractor

    c. Advanta Bank or Advanta Credit Cards

    d. CardWorks, Inc. or CardWorks Servicing, LLC

    e. Experian Information Solutions, Inc.

    f. TransUnion, LLC

    g. Equifax, Inc.

    h. Todd Apfel

    i. Mary Apfel

   j.  Luise (ph.) Lesser

   k.  Arnie's Bowling and Recreation Center

   l.  Kwitchurbeliakin, LLC

3. All communications to or from Anthony Buscemi relating to:

   a.  Plaintiff's security clearance

   b.  Plaintiff's employment status

   c.  Plaintiff's job performance

   d.  Plaintiff's credit history

   e.  Theft of Plaintiff's identity

   f.  Advanta Bank or Advanta Credit Cards

   g.  CardWorks, Inc. or CardWorks Servicing, LLC

   h.  Arnie's Bowling and Recreation Center

   i.  Kwitchurbeliakin, LLC

4. All communications between Plaintiff and any of your employees relating to:

   a.  Plaintiff's security clearance

   b.  Plaintiff's employment status

   c.  Plaintiff's job performance

   d.  Plaintiff's credit history

   e.  Theft of Plaintiff's identity

   f.  Advanta Bank or Advanta Credit Cards

  g. CardWorks, Inc. or CardWorks Servicing, LLC

  h. Arnie's Bowling and Recreation Center

  i. Kwitchurbeliakin, LLC

5. All communications between Plaintiff and any other person relating to:

  a. Plaintiff's mental health

  b. Plaintiff's physical health

  c. Plaintiff's public humiliation

  d. Plaintiff's damaged reputation

  e. Plaintiff's ability to obtain credit

6. All communications between Plaintiff and any other person relating to this lawsuit, *Michael T. Dreher, individually and on behalf of a class of similarly situated persons, Plaintiff v. Experian Information Solutions, Inc., CardWorks, Inc., and CardWorks Servicing, LLC, Defendants*, Civil Action No. 3:11-CV-00624-JAG, in the U.S. District Court for the Eastern District of Virginia, Richmond Division, including, but not limited to Plaintiff's settlement of claims against CardWorks, Inc. and CardWorks Servicing, LLC.

7. Plaintiff's complete personnel file, including, but not limited to:

  a. Records regarding medical or personal leave

  b. Performance evaluations

  c. Records regarding changes in compensation

  d. Any adverse employment actions taken against Plaintiff

8. Copies of your corporate organization charts and directories, including employee names, departments, and titles, effective during the period 2010 to the present.

9. Copies of your document retention policies and/or any policies relating to the preservation of e-mails and/or other electronically stored information effective during the period 2010 to the present.

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2013, I sent a copy of the foregoing Subpoena to the following counsel of record, in the manner listed below:

*Via E-mail:*

Leonard Anthony Bennett
Consumer Litigation Associates, PC
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: 757.930.3660
Fax: 757.930.3662
lenbennett@clalegal.com
*Counsel for Plaintiff*

Susan Mary Rotkis
Consumer Litigation Associates, PC
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: 757.930.3660
Fax: 757.930.3662
srotkis@clalegal.com
*Counsel for Plaintiff*

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
Tel: 703.251.5400
Fax: 703.591.9285
kkelly@siplfirm.com
*Counsel for Plaintiff*

Dated: July 8, 2013

/s/ Joseph W. Clark
Joseph W. Clark (VSB No. 42664)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: 202.879.3697
Fax: 202.626.1700
jwclark@jonesday.com

*Counsel for Defendant Experian Information Solutions, Inc.*