# Exhibit C



BANK OF THE JAMES BUILDING
828 Main Street, 19th Floor
Lynchburg, Virginia 24504
Telephone: (434) 846-9000
Facsimile: (434) 846-0337
www.ewlaw.com

RESPOND TO:
P.O. Box 958
Lynchburg, Virginia 24505-0958

**John W. Francisco**
jfrancisco@ewlaw.com

July 18, 2013

jwclark@jonesday.com
Joseph W. Clark, Esquire
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001

Re: <u>Michael T. Dreher v. Experian Information Solutions, Inc.</u> (Civil Action No. 3:11-CV-624, Eastern District of Virginia): Objections to Third-Party Subpoena for Production of Documents directed to Wiley/Wilson dated July 8, 2013

Dear Joe:

As you know, this law firm represents Wiley/Wilson in connection with its response to the referenced subpoena.

The purpose of this letter is to assert Wiley/Wilson's objections to the subpoena pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure. Wiley/Wilson contends that the subpoena is overly-broad, unduly burdensome, and provides insufficient time to search, collect, identify, and serve the requested documents at the place requested by the deadline set forth therein (July 23, 2013 at 9:00 a.m.).

More specifically, Wiley/Wilson objects to the subpoena on the grounds that it is vague and confusing, and Wiley/Wilson cannot determine what exactly counsel serving the subpoena means by the use of the words and phrases contained in the following paragraphs of the subpoena: 2 (b), 3(c), 4(c), and 5.

Furthermore, Wiley/Wilson objects to paragraphs 2, 3, 4, and 5 in their entirety on the grounds that they contain no time limitation and appear to seek information completely irrelevant to the facts and legal issues in connection with the referenced law suit.

Finally, Wiley/Wilson objects to paragraphs 8 and 9 in their entirety on the grounds they seek irrelevant information and information not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Wiley/Wilson reserves the right to assert further objections, if necessary.

Joseph W. Clark, Esquire
July 18, 2013
Page 2

As you know, it is my position that Wiley/Wilson has attempted to respond to the subpoena in good faith, including without limitation, my participation in a lengthy telephone conference with you on July 18, 2013, to meet, confer and communicate to you my specific concerns about the subpoena, as well as my concerns of responding to the subpoena in light of the fact that counsel for the plaintiff in the action has already confirmed to me in writing that they will be filing a motion to quash the entire subpoena before the deadline of July 23, 2013. As counsel for a third-party recipient of the subpoena, it is my position that the proper course of conduct here is to communicate my client's objections to you in writing, and then to wait and allow you and counsel for the plaintiff to resolve any issues with regard to their motion to quash. Once that matter is concluded, we can then address my client's objections in order to make it reasonable for my client to search the available data base of potential documents for responsive, relevant documents.

By copy of this letter to counsel for the plaintiff, I am also making them aware of my client's current position in this matter. As we discussed on the phone, it is my sincere hope that you all will continue to recognize that my client is a third-party to this lawsuit and that we can continue to work together to get this matter resolved with as little cost and burden to my client as possible.

Let me know if you have any questions or concerns.

Sincerely yours,

John W. Francisco

JWF:mmh
cc: Susan Rotkis, Esquire (srotkis@clalegal.com)
bcc: Fred Armstrong (farmstrong@wileywilson.com)



EDMUNDS
WILLIAMS

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113
TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3697
jwclark@JonesDay.com

July 19, 2013

VIA E-MAIL

John W. Francisco, Esq.
Edmunds & Williams, P.C.
828 Main Street, 19th Floor
Lynchburg, VA 24505

Re: ***Dreher v. Experian Information Solutions, Inc.*, Civil Action No. 3:11-cv-624 (JAG) (E.D. Va.); Third Party Subpoena for Production of Documents directed to Wiley & Wilson dated July 8, 2013**

Dear Mr. Francisco:

Thank you for taking the time to meet and confer with me on July 18, 2013, regarding the scope of the subpoena served on your client, Wiley & Wilson ("Wiley Wilson"), earlier this month. I write in response to your letter of July 18, 2013, which contains objections to the subpoena for production of documents.

During our meet and confer, you explained that your client had isolated approximately 22,000 e-mails that could be searched for responsiveness to the subpoena. We have agreed to negotiate search terms to alleviate the burden on your client in reviewing those emails. While we do not expect a production on or before the subpoena return date of July 23, 2013, we would like to finalize the list of search terms by that date.

Regarding your specific objections, I understood the result of our meet and confer as follows:

2(b). The term "contractor" applies to the organization, agency, or business that may have been hired or contracted to conduct Michael Dreher's security clearance. It does not apply to his actual work or job responsibilities which may involve interactions with other contractors, in general.

3(c) and 4(c). We clarified that "plaintiff's job performance" focused on formal reviews of Michael Dreher's job performance. Again, plaintiff alleges that he suffered mental health problems, emotional distress, humiliation, and damaged reputation, among other damages. Consequently, we seek information which may demonstrate how his alleged health problems may have impacted his ability to perform his job—or not.

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

John W. Francisco, Esq.
July 19, 2013
Page 2

       5. We agreed that the use of search terms may facilitate identifying communications relating to the various areas designated in No.5.

       Overall, we are certain that the use of search terms will address your concerns regarding time limitations and the relevance of Requests No. 2, 3, 4, and 5.

       You also reference Requests Nos. 8 and 9, in your July 18, 2013, correspondence. During our meet and confer, we narrowed Request No. 8 to focus on identifying Mr. Dreher's immediate supervisor or anyone he may have communicated with regarding his security clearance and health, only as it relates to Mr. Dreher's claims for damages in this litigation. Regarding Request No. 9, you stated that to the best of your knowledge, Wiley Wilson did not have a policy relating to the preservation of e-mails and or other electronically stored information. You reiterated that Wiley Wilson had isolated 22,000 emails dating back to the beginning of Mr. Dreher's employment. Given your representation and the preservation of emails, we are satisfied at this time that there are no spoliation issues relating to Mr. Dreher's work email account.

       In closing, please do not hesitate to contact me if my understanding of our meet and confer is incorrect. Again, I thank you for the cooperative tone of our meet and confer. I acknowledge your sensitivity to the costs your client may incur in this matter. I am open to discussing additional ways to minimize the burden on your client while pursuing my client's need for documents and information Michael Dreher has placed at issue in this litigation.

       Sincerely,

       Joseph W. Clark

cc:    Leonard Bennett, Esq. (lenbennett@clalegal.com)
         Susan Rotkis, Esq. (srotkis@clalegal.com)