IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL T. DREHER ,**

      **Plaintiff**

CIVIL ACTION NO. 3:11-cv-00624-JAG

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

      **Defendant.**

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS

COMES NOW the Plaintiff, MICHAEL T. DREHER, by counsel, and moves the court to compel production of documents that Experian has refused to produce. The Plaintiff also moves the court pursuant to Fed. R. Civ. P. 37(c)(1) for the sanction of preclusion of evidence, explained more fully herein, that Experian had a policy of compliance with 15 U.S.C. § 1681g(a)(2) or a policy regarding how it reports a subscriber's name on a tradeline.

### I. OVERVIEW

Plaintiff moves the court to impose (1) the sanction of exclusion that is automatically imposed under Fed. R. Civ. P. 37(c)(1) when a party fails to disclose or produce information under Rule 26(a) or (e); (2) an Order compelling production of documents under Fed. R. Civ. P. 37(a); and (3) for other relief under Fed. R. Civ. P. 37(b) for the Defendant's failure to comply with a court order. Specifically, Plaintiff respectfully requests that the Court exclude from Defendant's use in any motion or at trial (a.) Experian's ability to advance any defense that relies on information known to the Defendant as of October 15, 2013 (whether or not revealed to Jones Day) and that it has

not disclosed or produced in response to Plaintiff's discovery by that date; (b.) any witness or document known to the Defendant as of October 15, 2013 (whether or not revealed to Jones Day) and not disclosed in its original mandatory disclosures under Fed. R. Civ. P. 26(a)(1) by that date; (c.) any document not produced or not disclosed pursuant to Rule 26(e), including any supplemental Rule 26(a)(1) disclosures and failure to produce or supplement requests for production.

This case has been ongoing since September 21, 2012. Nothing in the case can remain a surprise for Experian and given the history in the case, it would be incredible for Defendant to claim that it is only now trying to survey and determine what documents and evidence it possesses in the case. In fact, with the merits of the case bifurcated, the Parties have litigated the merits and liability issues since commencement of the entire case. During that period, Plaintiff has worked and compromised to narrow Experian's discovery burden through the pre-trial schedule Experian believed necessary. (Docs. 38, 42). After Summary Judgment litigation, Plaintiff agreed to narrow discovery of the class member documents and Experian's internal database by permitting Experian's near-unilateral extraction of the class lists. (Doc. 92). And still, and even after extensive meet and confer attempts (*see e.g.* Ex. A Meet and Confer notes of Plaintiff's counsel Kristi Cahoon Kelly), when the Plaintiff commenced his next round of merit's depositions last week, he discovered that major substantive documents – core documents regarding the very issues raised on summary judgment – had never been disclosed. After two of these depositions, Plaintiff's counsel cancelled the additional depositions scheduled for this week and next pending this motion and Experian's actual discovery compliance.

Plaintiff's counsel properly cautioned Defendant's counsel that its refusal to provide adequate disclosures and answer discovery would result in Plaintiff's Rule 37(c)(1) motion to exclude it from using any such information at trial and that its refusal to meaningfully answer discovery would result in a motion to compel under Rule 37(a)(3). Defendant refused to change course.

Additionally, Experian has refused to withdraw its objections and to provide meaningful responses to specific discovery that requires, at a minimum, the sanction of exclusion available under Rule 37(c)(1). Plaintiff would be substantially prejudiced if Defendant were permitted to use information, documents or witnesses it has known about since the inception of this case but has not disclosed to the Plaintiff.

## II.  PROCEDURAL BACKGROUND

A.  **Procedural History Relevant to the Discovery Dispute**

Pursuant to the original agreed scheduling order, the Defendant moved for partial summary judgment on October 5, 2012. (Doc. 45). A stipulated protective order was entered on November 19, 2012. (Doc. 59). The court denied the motion for partial summary judgment on May 30, 2012, shortly after which a new agreed, supplemental scheduling order was entered. (Docs. 87, 92). Relevant to this motion, the supplemental scheduling order provided that the Defendant: (1) provide Plaintiff's counsel with the documents evidencing and estimating class size and membership for the class definitions pled in the current Amended Complaint on or before August 15, 2013. (Doc. 92). Only on Friday evening, October 11, 2013, did the Defendant first supply any documents evidencing and estimating class size for the § 1681i class, which is comprised of individuals who made disputes regarding Advanta accounts, and was two months past the Court-imposed deadline. The

deadline to complete discovery has been extended by agreement until December 6, 2013. (Doc. 106).

The Plaintiff has served several sets of written discovery including Interrogatories, Requests for Production of Documents, and Requests for Admission. The time to respond to the most recent discovery requests has not expired. However, after extensive meeting and conferring, the Defendant has still not fully responded to the first set of written discovery, which was served on July 12, 2013. Shortly after the discovery was served, counsel met and conferred by telephone on July 25, 2013, prior to the deadline for serving objections, at which time Plaintiff agreed to withdraw or amend certain of the instructions, interrogatories and requests. Plaintiff served an amended set of written discovery on July 30, 2013. Plaintiff agreed to extend the time for Experian to object to the discovery.

Defendant's responses to written discovery were due on August 18, 2013. Experian provided its responses by consent on August 29, 2013, and supplemented its responses on September 9, 2013. Counsel certifies that the parties have met and conferred, the Defendant has refused to supplement its production or withdraw its objections. It has not moved for a protective order. The Plaintiff's motion to compel pursuant to Rule 37(a) and motion for Rule 37(b) and (c)(1) sanctions should be granted.

**B.     Experian is a Recidivist Discovery Offender**

This court, specifically J. Payne, has cautioned Experian that the Court will not tolerate the use of the "Carolina 4-corners offense," which is J. Payne's metaphor for the strategy by which a defendant stalls in making its disclosures and discovery production until it is too late in the case for such information to be useful or discovered. When discovery commenced, Plaintiff engaged in good faith give and take with Defendant's

4

counsel by agreeing to enlarge the time to respond to discovery requests, meeting and conferring over discovery, and withdrawing or narrowing some of Plaintiff's discovery. The fact that the discovery cut-off has recently been extended does not give either party the right to delay and deny the other party the right to pursue and obtain discovery.

Discovery abuse is Experian's tack. It has in every case opposite Plaintiff's counsel and involving substantive discovery requests refused very basic compliance. There is a great deal of history. For example, in April 2006, many of these same discovery issues (e.g. Experian's objections and the discovery disconnect between Experian's in-house attorneys and the Jones Day defense team) were briefed and presented before Judge Payne in a similar case. *Duff v. Equifax Information Servs. LLC, et al*, 3:05cv829 E.D.Va. (Doc. 52-58, Telephonic hearings April 20 & 27, 2006). In these calls, Judge Payne very explicitly warned Experian about its misconduct. The case then resolved. However, in another contemporaneous case, *Scroggins v. Experian Information Solutions, Inc.*, No. 3:07-cv-552-REP (consolidated with 3:07-cv-486), the parties agreed to a comprehensive order to define the opening Rule 26(a)(1) disclosures Experian would agree to produce in Scroggins and future cases:

> WHEREAS, the parties have met and conferred on the specific proprietary information of Experian and the private information of Plaintiff to be designated Confidential Information and afforded the protection of this Order. The parties have derived a list of documents, itemized herein, that this Order is intended to govern and that Experian represents it will produce in subsequent litigation opposite either the Plaintiff or her counsel. Plaintiff and her counsel
> reserve any opinion on whether the documents designated Confidential Information are in fact confidential. To facilitate this compromise, however, Plaintiff expressly agrees not to contest the designations.

(Ex. B). For example, Experian agreed to produce:

a. Dispute Response Logs;
b. Disclosure Request Logs;
c. Transaction Logs;
d. Administrative Reports; and
e. Long Administrative Reports.
f. Consumer Investigation Procedures Participant Guides;
g. Consumer Investigation Procedures - Reference Tools;
h. ACDVs: Evaluating and Processing Participant Guides;
i. Consumer Fraud Procedures Participant Guides;
j. Mixed File Procedures Participant Guides;
k. Admin Handbooks;
l. Technical Manuals;
m. Agreements with relevant furnishers of credit information;
n. Net income and net worth information;
o. Information on revenue received from relevant furnishers of credit information for the year(s) in which the acts complained of occurred;
p. Learning Center course lists; and
q. Learning Center course descriptions.

It has not produced but a handful of any of the documents on this list, in this case or others.[1] Experian has refused production in other Eastern District of Virginia cases, of course. *E.g. Beck v. Equifax Information Servs., et al.*, 1:05-cv-347; *James v. Experian Info. Sols., Inc., 3:12CV902*. In fact, in *James*, this court recently overruled Experian's similar objections and strategy to avoid answering written discovery by ordering expansive production. Although a different class action, the motion to compel in *James* is based on the same reasoning adopted by the Plaintiff herein. *See James v. Experian Info. Sols., Inc., 3:12CV902* (E.D.Va.)(Docs. 41, 42). The agreed list and discussion in the Scroggins Order is not exhaustive and is itself limited solely to this District.[2] *See, e.g., Schneider v. Experian Information Sols., Inc.*, No. 3:05-cv-717-REP;

---

[1] Experian has produced documents in categories f, g, h, i, and m.
[2] Present plaintiff's counsel has been forced to engage in discovery motions practice opposite Jones Day-defended Experian literally from coast to coast, including even an Idaho case pending for trial in early December. Calderon v. Experian Info. Solutions, 1:11cv386 (D. Idaho).

6

*Duff v. Experian Information Sols, Inc.*, No. 3:05-cv-829-REP; *Restifo v. Experian Information Solutions, Inc.*, No. 3:08-cv-509-REP.

### III.  ARGUMENT

A.  **Experian's Discovery Compliance Should be Compelled Under Rule 37(a)**

The Plaintiff is entitled to an order compelling production of documents requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(A)-(B).  This remedy is different from the remedy of exclusion that is automatic under Rule 37(c)(1) that deprives the Defendant of the use of such evidence it fails to disclose.  The remedies under Rule 37(a) require production and are in addition to the remedies requested under Rule 37(c)(1) because the Plaintiffs are still entitled to discover the information they have sought in the discovery process in order to prosecute their claims.

Despite lengthy meet and confers and the exchange of correspondence, the Defendant has wholly failed to produce documents necessary to determine the § 1681i class and has not moved for a protective order. The Plaintiff moves for an order compelling production of documents in response to Requests numbered 5, 25, 15, 20, 22, 28, 29, 34.[3] With the exception of the scant privilege log produced (Ex. C), Defendant has waived any claim of privilege. *Capetta v. GC Servs. Ltd. P'ship*, 3:08CV288, 2008 WL 5377934, at * 2 (E.D.Va. Dec. 24, 2008). Because it hasn't exercised any of the methods of repelling the discovery propounded, it must now be compelled to answer it.

This court has explained

> The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse*

---

[3] Although Plaintiff seeks an order compelling production of documents response to RFP 28 & 29, the Plaintiff is amenable to waiting until after class certification for the administrative reports for each putative class member.

*& Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir.1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (*citing Erdmann v. Preferred Research, Inc.*, 852 F.2d 788, 792 (4th Cir.1988); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir.1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.")). If a court grants a motion to compel discovery, Rule 37 provides sanctions which courts may impose upon the party failing to comply with the discovery process. *See* Fed. R. Civ. P. 37. "[I]t is clear that dismissal and the imposition of monetary sanctions are appropriate remedies available under Rule 37 for a party's blatant and continuing failure to obey rules governing discovery and orders of the district court." *Ingram v. Family Dollar Stores of Ala., Inc.*, No. 3:06cv528-C, 2007 WL 1686914, at *2 (W.D.N.C. June 11, 2007) (*citing* Fed. R. Civ. P. 37(b)(2); *Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 643 (1976); *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir.1989); *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 504 (4th.Cir1977)).

*Graves v. Indus. Power Generating Corp.*, 3:09-CV-717, 2010 WL 2943079 (E.D. Va. July 20, 2010). Where the Defendant has produced responsive documents, they are grossly incomplete. Plaintiff is entitled to full discovery responses from Experian without limitation and upon the following requests and issues:

*(1)* ***Class size and membership.*** To avoid contentious litigation in which Experian would be compelled to produce either a mirror of its database or hundreds (or millions) of consumer reporting files, the Parties negotiated an agreed order that required:

> 1. Defendant will provide to counsel for the Plaintiff the documents evidencing and estimating class size and membership for the class definitions pled in the current Amended Complaint on or before August 15, 2013.

(Doc. 92). Experian has refused to provide this information as ordered in two regards. First, it only produced any class list data for the Count Two class brought under 15 U.S.C. § 1681i on Friday, October 11, 2013, and only after Plaintiff's counsel provided a copy of this Motion to Compel in draft form.

Second, the data it has agreed to and that it did provide identifies a class that is at odds with the numbers stated in various documents from co-Defendant CardWorks. Experian has stated that it cannot explain this variance. However, it has refused to produce the additional documents required by the July 9, 2013, Order necessary to "evidenc[e] and estimat[e] class size and membership for the class definitions pled in the current Amended Complaint." (Doc. 92, ¶ 1). Experian must be compelled to produce a complete set of documents to determine the class for each of the claims.

*(2)* ***Insurance policies***. Not only is it a requirement of mandatory disclosures, the Plaintiff has explicitly requested Experian's insurance policies, but no policy has been disclosed or produced. Fed. R. Civ. P. 26(a)(1)(iv).

*(3)* ***Requests for Production:*** Despite extensive conferring, Defendant has yet to produce relevant and discoverable documents. (Ex. D).

a. **Requests 5 and 25** ask for all documents exchanged with CardWorks during the pendency of this action, including that exchanged between attorneys. This communication is not privileged, nor is it described in detail on Experian's privilege log. Yet, Experian witnesses Susan Gautsch and Karen Davis testified in last week's depositions that they personally have responsive documents that were never produced, including substantial email correspondence with CardWorks and the owner of the subject accounts, Vion Holdings, on the specific issues before the Court in this case.

b. **Request 15** asks for contracts with other subscribers in the same position as in CardWorks/Advanta where a subscriber tradeline is reported using a name other than the one that actually furnished the credit reporting in METRO2 or ACDV data. Plaintiff limited the request to those subscribers who are in the credit reports of putative

class members.  Experian has not even provided the full set of such agreements for CardWorks and Vion Holdings for the former Advanta accounts, let alone those for other CardWork's accounts or those of third party sources of information.

      **c.**    **Request 20** requested marketing and promotional materials Experian has prepared for any of its consumer reporting services and products, to which there has been no response.  The Plaintiff seeks to establish for the fact finder at trial how Experian actually uses the terms "source" and "source of information" in its real work operation, and to prove the loyal and profitable deference Experian shows to its customers in such operations.

      **d.**    **Request 22** is a straightforward request to produce all internal Experian documents that use or describe the phrase "source" or "sources of information."  There has been no production.  Throughout its Memorandum in Support of Motion for Partial Summary Judgment (Doc. 55), Experian argues that its understanding of the word "source" of information was not, in fact, the actual furnisher of the information but instead whatever name it believed would likely be recognized by a consumer, even if the entity it claimed was the source did not exist. (Doc. 55)(Def.'s Mem. Support of Motion for P. Summ. J. at 2, 10).  The Plaintiff is entitled to see Experian's process for determining the source of the information and to prove that the strained meaning it attempted in motions practice is at odds with the manner is uses that language in the real world.

      **e.**    **Request 34** seeks all recordings, attendance lists and any training provided or available to Experian's subscriber customers such as CardWorks.  For a decade or more in Mr. Bennett's cases, Experian has responded to such requests with a

10

representation that no such documents exist. However, in last week's depositions of the Experian employees who actually interact with and service customers such as (and including) CardWorks, the witnesses disclosed that Experian has extensive training materials – webinars, written manuals, online 'walk throughs' – that it makes available to these customers. In addition, in discovery in previous Experian cases, Plaintiff's counsel has established that Experian employees actually perform the creditor-furnisher training offered through the trade organization run by Experian (and Equifax and TransUnion), the Consumer Data Industry Association (CDIA) and Online Data Exchanges, LLC (OLDE), owned by these same "Big 3" agencies to automate the consumer accuracy dispute process. These "separate" entities do not have their own training staff or compliance personnel. These roles are handled by employees of the Big 3, including Experian. Plaintiff has thus requested the CDIA and OLDE training materials written or recorded for customers (such as CardWorks) by Experian employees. Plaintiff intended to establish that outside of defending this lawsuit, Experian's use and understanding of the terms at issue in this case was consistent with the view shared by the Court, Plaintiff and the rest of the industry and government.

The Plaintiff respectfully requests that the court enter an order compelling production of documents requested in this motion without limitation forthwith.

**B.      Rule 37(b) Sanctions are Appropriate**

In addition to sanctions for failure to disclose pursuant to Rule 37(c)(1), discussed below, Rule 37(b) also gives the Court the power to sanction a party that fails to obey a Court order to provide discovery. *See* FED. R. CIV. P. 37(b)(2). The orders referred-to in the rule include an order made pursuant to Rule 26(f), 35 or 37(a). To the extent the

11

scheduling order in this case requires compliance with discovery and specifically orders the Defendant to produce documents evidencing and estimating class size and membership, the Defendant has produced either grossly inadequate documents such as in the case of the § 1681e(b) claim or no documents at all such as in the § 1681i claim, which was all consumers that made a dispute regarding an Advanta account. (Doc. 92). Sanctions under Rule 37(b) may include, among others:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

[and]

(iii) striking pleadings in whole or in part.

*Id.* Whether to award sanctions under Rule 37 is within the Court's broad discretion. *Mutual Fed. Sav. & Loan Ass'n v. Richard & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). The Plaintiff requests the court consider additional sanctions warranted under Rule 37(b). Upon Experian's failure to comply with this Court's Order (Doc. 92), the Plaintiff asks the Court to find under Rule 37(b) that: The Classes proposed in this case are identifiable, ascertainable and sufficiently numerous to satisfy Rule 23(a).[4]

## 3. Defendant's Use of Undisclosed Evidence is Automatically Excluded under Fed. R. Civ. P. 37(c)(1).

---

[4] Counsel understands that Experian is already considering a stipulation to this effect. If such an agreement is reached, Plaintiff intends to withdraw this Motion in all regards related to Docket 92.

12

Aside from the various sanctions remedies provided by Rules 26, 37(a), and 37(b), the Defendant is also subject to Rule 37(c)(1). Defendant cannot be permitted to use documents and evidence that it has refused to disclose and provide pursuant to Rule 26(a)(1) and Rule 26(e). Unlike conventional discovery, a party's disclosure obligations are "self-executing." If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion. Fed. R. Civ. P. 37(c). *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification). Rule 37(c)(1) provides in pertinent part

> *Failure to Disclose, to Supplement an Earlier Response, or to Admit*. – (1) Failure to Disclose or Supplement. If a party fails to provide information or to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion or after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, cause by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Exclusion of evidence is the only appropriate remedy for a party's complete failure to disclose it, "[Rule] 37(c)(1) 'provides that a party who fails to [provide information or] identify a witness as required by Rule 26(a) or (e) is not allowed to use that [information or] witness to supply evidence on a motion.'" *Bland v. Fairfax County, Va.*, 1:10CV1030 JCC/JFA, 2011 WL 1660630 (E.D. Va. May 3, 2011)(quoting *Hoyle v. Freightliner,*

13

*LLC,* 650 F.3d 321 (4th Cir. 2011). This is consistent with the Advisory Committee notes to the 1993 Amendment of Fed. R. Civ. P. 37(c), which explains:

> Subdivision (c). The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.

The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3. Neither of these limited exceptions applies in this case.

The Advisory Committee Notes offer examples under which these conditions might apply, which courts have consistently done since their adoption. *See e.g. Scott v. GMAC Mortgage, LLC***,** Civ. No. 10CV24-NKM (W.D.Va. April 14, 2011)(the court found GMAC's conduct to be egregious and accordingly ordered sanctions for failure to timely comply with discovery, including the sanction of entry of default and award of attorney fees.) They include instances in which the omission was limited, for a witness otherwise known to both parties, or when the negligent party was a *pro se* litigant. *Id.; accord Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3-4. None of these apply in the present case. The Advisory Committee Notes further explain that:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for

disclosure had been called to the litigant's attention by either the court or another party.

One of the cases which is most frequently cited on this issue, even outside this District and Circuit, is *Rambus, Inc. v. Infineon Tech. AG,* 145 F. Supp.2d 721 (E.D. Va. 2001)(Payne, J.). In the Court's detailed analysis of the appropriate standard and remedy under Rule 37(c), the Court considered the severity of the exclusion remedy and determined the standard by which the remedy should be enforced. The Court applied the *Burlington Insurance* test to consider the following five factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony. 145 F. Supp.2d at 726, 727-734. Importantly, there is no "bad faith" element, and even an innocent omission cannot constitute "substantial justification." *Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d at 596; *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. As Judge Payne explained in *Rambus*,

> [T]he plain language of the rule contains no requirement for bad faith or callous disregard of the discovery rules. In fact, the rule is rather harsh in that it automatically imposes the preclusion sanction unless the non-complying party can show that there is substantial justification for the failure to make the disclosure, and that the failure was harmless.

145 F. Supp.2d at 727.

There can be no doubt that the Plaintiff has been prejudiced by the Defendant's failure to comply with its discovery obligations to timely disclose documents that support its defenses. *Scott v. GMAC*, 3:10CV24-NKM, at 11-12.

There is no evidence and there are no witnesses that support certain of Experian's anticipated defenses. It cannot fairly be permitted to continue or threaten the assertion of

15

such defenses and misdirect Plaintiff's ongoing discovery efforts to chase such strategic ghosts. ***First***, the Plaintiff seeks to preclude any defense that Experian lawfully relied on the accuracy of information provided to it by CardWorks and its other subscribers because it had vetted the subscriber and determined it a reliable source. Despite Plaintiff's request for evidence to support such a defense, the Defendant hasn't produced any document or witness that demonstrates it undertook any process to ensure that the information from CardWorks (and reported by Experian) could be relied upon for accuracy. Not only has Experian not made such a mandatory disclosure, it has not supplied documents in response to Plaintiff's specific request. (See Ex. D, Pl.'s Request for Production No. 10).

Second, Plaintiff likewise seeks to preclude any defense based on Experian's policy or procedure regarding deference to its subscribers in approving use of a particular tradeline name. Experian has not disclosed any policy or procedure related to CardWorks or subscribers generally that governs how the tradeline is supposed to appear in order to comply with the Fair Credit Reporting Act. (See Ex. B, Request for Production No. 18).

Third, the Defendant should be precluded from presenting any defense that Experian had any procedure to attempt compliance with 15 U.S.C. § 1681g(a)(2) because Experian has not disclosed or produced substantive material that demonstrates it had a policy governing disclosure to the consumer of the source of the information reported. Experian's minimal production does not demonstrate it had a policy or procedure in place regarding the disclosure of the source of the information. (See Ex. B, Request for Production No. 23). Plaintiff proposed entering stipulations regarding Experian's compliance with § 1681g(a)(2), but the Defendant has not agreed. Experian should be

precluded from introducing a witness or documents in any motion, hearing or trial that purports to show compliance with § 1681g(a)(2).

Instead of making mandatory disclosures and producing responsive documents in discovery, Experian has engaged in the type of gamesmanship prohibited by the Federal Rules by failing to produce documents and make disclosures, all the while promising to produce more information during lengthy meet and confers. The Defendant has the same obligation as all parties to litigation in this court: to proceed without gamesmanship in the conduct of discovery. They must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 220-21 (N.D.W. Va. 2007)(citing *Hansel v. Shell Oil Corp.,* 169 F.R.D. 303, 305 (E.D.Pa.1996)). Gamesmanship to evade answering as required is not allowed. *Id.*

Rule 37(c) authorizes the Court to levy sanctions for a party's specific conduct, or lack thereof:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

FED. R. CIV. P. 37(c)(1). Without substantial justification for the failure to disclose information required under Rule 26(a), a party is automatically excluded from using that information at trial. *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d at 724. A party

invoking Rule 37(c)(1) sanctions must demonstrate that the offending party failed "to disclose the evidence in question earlier in the proceedings." *Id.* at 724, n.4 (citing 7 MOORE'S FEDERAL PRACTICE § 37.60[2][a] (Matthew Bender 3d ed.)). If this is accomplished, the offending party can avoid sanctions by showing a substantial justification for the failure to disclose. *Id.*

A showing of substantial justification cannot happen in this case. Despite Plaintiff's good faith effort in the meet and confer process and the hope that the Defendant would fulfill its obligation to participate in the process, Experian just has not provided any justification cognizable under the Rules and the law of this district and division, let alone a substantial justification for failing to supplement its disclosures, provide the documents requested in discovery, disclose the identity of witnesses, and has implemented an abusive discovery tactic despite the Court's orders and should therefore be sanctioned. *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. If Experian truly believed it had a legitimate basis to not supplement its mandatory disclosures, withhold documents, it knows, has produced or been ordered to produce in other cases, it should have moved for a protective order. It has not moved for a protective order, however unseasonable, such motion would nonetheless be destined to fail.[5]

### IV. CONCLUSION

Rule 37 is flexible, giving the district court a wide range of possible sanctions

---

[5] It is now entirely too late for the Defendant to seek a protective order, which motion would have to be rejected as untimely. *Ayers*, 240 F.R.D. at 221 (*citing Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991); *see also, Kolon Indus., Inc. v. E.I. du Pont de Nemours & Co.*, 3:11CV622, 2012 WL 560226, at *10 (E.D. Va. Feb. 21, 2012)(explaining that a recusal motion was untimely when the movant failed earlier to move for recusal despite that it had knowledge of all relevant facts for over a year but did not file a motion until it perceived the risk of an adverse ruling.).

18

from which to choose the most appropriate considering the unique circumstances of each case. In this case, the minimum appropriate action is to enter an Order compelling production of documents described herein without limitation pursuant to Rule 37(a)(3). In addition to compulsion, it is also an appropriate and minimum sanction under Rule 37(c)(1) to exclude any defenses where the Defendant has neither made a mandatory disclosure nor responded to Plaintiff's discovery with evidence of its basis for reliance on information dictated by its subscribers; its policies or procedures related to deferring to subscribers or approving their tradeline names; or demonstrate its compliance with § 1681g(a)(2). The Plaintiff also requests any relief the court deems appropriate under Rule 37(b) for failure to produce documents necessary to determine the class for each of the claims.

Respectfully submitted,

**MICHAEL T. DREHER ,**

            /s/
Susan M. Rotkis, VSB # 40693
Leonard A. Bennett, VSB #37523
Attorney for Plaintiffs
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile

Kristi Cahoon Kelly, Esq., VSB #72791
SUROVELL ISAACS PETERSEN &
LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
E-mail: kkelly@siplfirm.com

### CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of October, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joseph W. Clark
Jones Day
51 Louisiana Ave, NW
Washington, D.C. 20001
 jwclark@JonesDay.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
E-mail:  david.anthony@troutmansanders.com

                /s/
Susan M. Rotkis, VSB # 40693
Leonard A. Bennett, VSB #37523
Attorney for Plaintiffs
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
srotkis@clalegal.com