IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MICHAEL T. DREHER,

        Plaintiff,

v.                                            Case No. 3:11-cv-624

EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendant.

## OPINION

This matter is before the Court on the plaintiff's motion for an award of attorneys' fees related to his individual claim.

## I. BACKGROUND

Michael Dreher filed this suit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*, against Experian and other credit reporting agencies. Originally, he claimed that not only had they erroneously reported that he had a delinquent debt, but they also did not properly correct their records when he gave them the correct information. After settling with the other credit reporting agencies, he proceeded with his suit against Experian. During discovery, Dreher recognized another potential claim, based on a systemic flaw in Experian's process of reporting credit information about customers of Advanta Bank. He amended the complaint to add a claim that Experian falsely told customers that Advanta provided credit information to Experian, when the information really came from a different company (the "Advanta claim"). The Advanta claim went forward as a class action.

1

By agreement, the parties put Dreher's individual claim on the back burner while they fought tooth and nail over the class claim. Eventually, the Court entered judgment against Experian on the class claim, which Experian has appealed. During the appeal of the class claim, the parties resumed their fight on the individual claim. After some skirmishing, they resolved the individual claim through an offer of judgment for $65,000. The judgment included Dreher's costs related to the individual claim, but not his attorneys' fees. The issue of attorneys' fees for the individual claim is the subject of the motion before the Court now.

## II. DISCUSSION

Dreher asks for $95,360.50 in attorneys' fees related to the individual claim. In typical fashion, Experian has raised a Stalingrad defense to the claim for fees, finding multiple flaws in the application. Experian raises five objections.

First, Experian says the Court can only award attorneys' fees for the entire case, not separately for the individual and class claims. The FCRA authorizes fees for "the action," apparently not envisioning a bifurcation such as happened here. 15 U.S.C. § 1681n(a)(3). Arguing that the statutory term, "the action," is a singular noun, Experian says the Court can only award fees once, and cannot break up "the action" for an award of fees. Experian cites no case authority for this position, which seems to run afoul of Federal Rule of Civil Procedure 54(d)(2). Rule 54(d)(2) requires a prevailing party to move for fees within fourteen days of entry of judgment. The Court has, of course, entered judgment for Dreher, based on Experian's offer of *judgment*, so the time to file a request for fees is right now.

The Court notes that Experian wants to play this card both ways. When it did not want Dreher's individual claim to prejudice a jury regarding the (much larger) class claim, Experian was all for splitting the individual claim off. When it came to saving a considerable sum by

2

turning off defense counsel's fee meter, Experian offered a judgment Dreher could not refuse on the individual claim alone. But when it now comes to paying Dreher's relatively minor fee request, suddenly Experian thinks things should wait until the end of the class claim. Undoubtedly, had Dreher waited until then, Experian would say that the application was late under Rule 54(d)(2) because it came more than fourteen days after entry of judgment. Experian cannot have it both ways. The Court overrules this objection.

Second, Experian says that the plaintiff's lawyers' hourly rates are too high and that the lawyers spent too much time on the case. Dreher has provided the Court with an affidavit by a well-known and able attorney who handles many consumer protection cases. The lawyer says that both the hourly rates and amount of time are reasonable. Experian has produced nothing to rebut the affidavit.[1] As Experian admits, Dreher is entitled to a *reasonable* fee. The only evidence before the Court is that the fee is reasonable.[2] Given the evidence in the record, this objection borders on frivolous.

Third, Experian suggests that Dreher did not really get the amount of money his lawyers say he received from the $65,000 settlement. As nearly as the Court can tell, this defense stems from some sort of hallucination. Dreher has produced a copy of a cashed check payable to him in the precise amount the lawyers said he received. This just shows that before you slyly call someone a liar, you should at least know what the truth is.

---

[1] Experian has filed a submission pursuant to Fed. R. Civ. P. 54(d)(2)(c) but has not provided any affidavits in support of its positions.
[2] Experian's argument on these points actually consists of a number of sub-parts: the plaintiff's lawyers over-staffed the case, they spent too much time on discovery, they sent too many lawyers to depositions, they raised their rates during the case, etc., *ad nauseam*. Since Experian has not rebutted the reasonableness of the fees, the many concatenations of its argument disintegrate like a cheap chain buried in beach sand.

Experian's final two arguments are related: that the time spent on the individual claims and the class claims are inextricably interwoven, and that the plaintiff's attorneys should have produced original time records to help separate out the individual and class hours. For a time, the parties simultaneously litigated both the individual and class claims, so they rang up fees on both claims.

The plaintiff has provided a facially reasonable explanation of how the attorneys separated out the time on the individual claim from the work on the class claim. Once again, Experian offers no evidence to contradict the explanation. As Experian points out, however, a review of the original time sheets in this case could shed additional light on the effort spent on the respective claims. In fact, the time sheets might even provide some credence to one of Experian's otherwise unsupported objections: that the plaintiff's lawyers spent too much time on the case and charged too high fees.[3]

One way to judge the legitimacy of the plaintiff's fees is to look at the defendant's fees. By viewing the work done by both parties, the Court can better judge how interwoven the work on the class and individual claims has been, how much time the lawyers should have devoted to particular assignments, and how many particular undertakings the parties had to do. In addition, the billings will show what level of competence (reflected in higher fees by more senior attorneys) is appropriate for the various tasks in the case. Accordingly, the Court will require both parties to produce their entire billing records—for both the class and individual claims. The parties must file all their lawyers' original time records and entire client bills. The records should be filed both electronically through CM/ECF and in hard copy, delivered to chambers.

---

[3] As noted above, at this time, no evidence in the record supports either objection.

Experian's records are due within fourteen days of the date of this Order. Dreher's records must be filed fourteen days thereafter.

If either side contends that any portions of the time or billing records contain privileged information or attorney work product, it should redact privileged or work product entries. The objecting party must also file *in camera* a privilege log a) quoting, for each time entry, the precise language of the entry, and b) stating why the entry is privileged or work product, with appropriate citations of authority. The Court will then review the entries and direct the parties to remove redactions as appropriate.

Courts have often observed that litigation over attorneys' fees should not become a separate trial unto itself. Upon receipt of the billing records, the Court will consider appointing a special master to sort out this issue. Fed. R. Civ. P 53. If the Court appoints one, the parties will pay the fees of the master. Pursuant to the factors set forth in Rule 53(g)(3), the Court will allocate the master's fees between the parties after considering the nature and amount of the controversy, the extent to which each party is responsible for the need for a master, and the means of the parties.

### III. CONCLUSION

Consistent with the foregoing, the Court defers ruling on the motion for an award of attorneys' fees pending receipt of the parties billing information.

An appropriate Order shall issue.

Date: July 26, 2016
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

5